WILBER et al. v. WILBER et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. WILLS—CONSTRUCTION—SUSPENSION OF POWER OF ALIENATION.
    A will bequeathing to testator's wife and sons the right to use his land for 15 years, and declaring that he devises the land to "my grandchildren," subject to such a use, is not an unlawful suspension of the power of alienation, where a grandchild is alive when the testator dies, as the entire title vests in such grandchild at the testator's death.

2. SAME.
    The fact that the number of grandchildren entitled to take under such devise is uncertain does not suspend the power of alienation, as such number will eventually be rendered certain by the death of all of testator's children.

3. SAME.
    A bequest of chattels on a farm, subject to a use thereof for 15 years by another, is not invalidated because such other is required to keep the chattels in as good condition as they were when testator died.

Appeal from special term, Otsego county.

Action by Margaret Belinda Wilber and others against Edith M. Wilber and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

The action was brought for the construction of certain provisions of the will of David Wilber, who died on or about the 1st April, 1890, leaving a will bearing date March 25, 1890. His only heirs and next of kin were his two sons, the plaintiffs George I. Wilber and David Forrest Wilber, and they were the residuary legatees and devisees in the will. The defendant Edith M. Wilber is the daughter of the plaintiff David F. Wilber, and was about 8 years old at the time of the death of the testator, and is the only grandchild the testator ever had. The son George I. was married in 1872, but has had no children. The other son was married in 1881, and said Edith is his only child. The clauses of the will that are in controversy upon the appeal are the sixteenth and seventeenth, which are as follows:

"Sixteenth. I give, devise, and bequeath to my wife, Margaret Belinda Wilber, also in lieu of dower, and my two sons, George I. Wilber and David Forrest Wilber, the use for fifteen years after my death of all my real estate and farms, which is situate in the towns of Milford, Morris, Middlefield, and Maryland, in the county of Otsego and state of New York, and also giving and bequeathing the use of all the teams, harnesses, horses, cows, young cattle, sheep, and all farming and dairying tools and utensils on or belonging to any and all of the farms in the towns above named. But as a condition all of said farms and all of the said personal property are to be maintained and kept in as good order and condition as they are in at the time of my death, meaning by this that the personal property left on said farms at the end of the fifteen years shall be as valuable as it is at the present time, and the real estate shall be in as good state of cultivation, and capable of as much production, and the fences and buildings thereon in as good a state of repair as they now are; so that my grandchild or children mentioned in the next or seventeenth devise or bequest or subdivision shall have and receive as much personal property and of as much value as the personal property herein mentioned is worth at the time of my death. In case of the death of any of the persons above named, then the two surviving shall take the use of the property herein intended, share and share alike, to the end of the fifteen-years term above mentioned; and, in case of the death of two of the persons above named, then the survivor shall take the entire use of the farms and property to the end of the term aforesaid; intending to give one-third of the produce and profits of said farms and real estate and stock, etc., to each of the persons above named, to the end of the fifteen years, or so much of said term as they all live.

"Seventeenth. I give, devise, and bequeath all my real estate and farms in the towns of Milford, Morris, Middlefield, and Maryland, in the county of Otsego, N. Y., and all the personal property upon or belonging to said farms, which is more particularly mentioned in the last preceding sixteenth item, subdivision, or devise, or bequest of this, my last will, to my grandchildren, to be equally divided between them, share and share alike, subject only to the fifteen-years use of the same heretofore provided for, intending hereby to grant and devise to my grandchild or children all the land and personal property mentioned, referred to or intended in the preceding sixteenth subdivision of this, my last will."

The plaintiffs have had the use of the property mentioned in said clauses, according to the terms and by virtue of the will, since the death of the testator.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

J. Lee Tucker (Albert C. Tenant and A. Raymond Gibbs, of counsel), for appellants.

Krum & Grant (Hobart Krum, of counsel), for respondents.

MERWIN, J. The contention of the appellants is that the provisions of the sixteenth and seventeenth clauses of the will of David

Wilber operate as an unlawful suspension of the power of aliena-
tion of the property referred to in those clauses, and that, therefore,
the ownership of such property passes to the appellants George I.
Wilber and David F. Wilber, who are the sole residuary devisees
and legatees named in the will, and are also the sole heirs at law
and next of kin of the testator. If, under the provisions of the sev-
enteenth clause, the defendant Edith M. Wilber, the only grand-
child of the testator living at the time of his death, became vested
at that time with the entire title, subject only to the provisions
of the sixteenth clause, then the entire ownership was in persons
in being, there was no trust, and there was no suspension of the
power of alienation. Williams v. Montgomery, 148 N. Y. 519, 43 N.
E. 57; Sawyer v. Cubby, 146 N. Y. 192, 40 N. E. 869. There is no
doubt that under the present and direct devise and bequest in the
seventeenth clause the entire title vested at the death of the tes-
tator in the grandchild. Such was the meaning of the words used,
and such manifestly was the intention of the testator. Tucker v.
Bishop, 16 N. Y. 404; In re Seaman's Estate, 147 N. Y. 74, 41 N. E.
401. The further question, however, arises whether the grandchild
took an absolute fee, subject only to the estate for years given by
the sixteenth clause, or whether she took the fee subject also to
open and let in after-born grandchildren to share with her the es-
tate. The devise and bequest is "to my grandchildren, to be equally
divided between them, subject only to the fifteen-years use of the
same heretofore provided for." It is argued by the respondent
that the class named will be ascertained and determined as of the
death of the testator, in the absence of a different intention (Camp-
bell v. Rawdon, 18 N. Y. 412; In re Brown, 154 N. Y. 314, 48 N. E.
537) and that there is here not only no different intention but an
intention that an absolute title should vest at his death, subject
only to the 15-years use. If the title in the living grandchild was
subject to open and let in after-born grandchildren, then the power
of alienation would, by possibility, be suspended. It would be un-
certain, until the death of the two sons, whether there would be
other grandchildren. The suspension, however, caused by such un-
certainty, would in no event, in contemplation of law (Tucker v.
Bishop, supra; Smith v. Edwards, 88 N. Y. 92, 110; 4 Rev. St. [8th
Ed.] p. 2434, § 30), continue for a longer period than the lives of
the two sons. At their death the members of the class of grand-
children would necessarily become fixed and determined, and per-
sons would be in being who could give a complete title.

It is no objection that a remainder is limited in favor of persons
not in being when the limitation is created, provided that the
contingency upon which the final vesting depends must happen,
and the persons entitled to take be ascertained, within the per-
mitted period. Hillen v. Iselin, 144 N. Y. 366, 378, 39 N. E. 368;
Purdy v. Hayt, 92 N. Y. 446. So that, whether the fee is to be
deemed to be vested absolutely in the one grandchild at the death
of the testator, or to be vested subject to letting in other possible
grandchildren, there is, in either event, no unlawful suspension.
There was nothing to prevent the owners of the estate for years
from conveying their interest at any time, and the ownership of the

fee was not illegally suspended. The conclusion, therefore, of the trial court, that there was no unlawful suspension of the power of alienation was correct. Nor is it apparent how the condition in the sixteenth clause, requiring the legatees there named to keep the personal property good, invalidates the bequest to the grandchildren. The latter take subject to the rights of the former, and are entitled, for aught that appears, to the benefit of such conditions as are imposed for their benefit. There was, in substance, a lease for 15 years, with reasonable conditions. The question of costs was in the discretion of the trial court. The action was practically for the benefit of the plaintiffs George I. and David F. Wilber. They failed to sustain their contention, and cannot justly complain as to the costs. Judgment affirmed, with costs. All concur; LANDON, J., in result.