App. Div. 420, 64 N. Y. Supp. 667; Perry, Trusts, §§ 285, 850, 851, 869, 870; Wood, Lim. Act. (2d Ed.) § 58. These views lead to the conclusion that the judgment should be affirmed.

The defendant, although he acted in good faith, is not free from fault. This estate should not be further depleted by the payment of the additional allowance of $2,000, as directed by the special term. The order granting the extra allowance should be vacated, without costs, and the judgment modified accordingly, and, as so modified, affirmed, with costs. All concur.

(57 App. Div. 632.)

### HESSELBACH v. SAVAGE.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

1. AGENCY—EMPLOYMENT—UNDISCLOSED PRINCIPAL—RELIANCE—HOUSE FURNITURE—REPAIRS.

Plaintiff did work on a house belonging to defendant and furniture belonging to defendant's husband. While the majority of the work was on defendant's property, it was all done at the request of her husband. Plaintiff had done work for defendant's husband before his marriage to defendant, and continued to charge all the work to his account; afterwards drawing a draft on him for the amount due. Plaintiff knew during all his dealings with defendant's husband that defendant owned the house. Action was originally brought against defendant and husband jointly; the action against the husband being afterwards abandoned. *Held* not to show a reliance on the credit of defendant so as to make her liable.

2. CO-DEFENDANTS—SEPARATE ANSWER—CONCLUSIVENESS— LIABILITY—ADMISSION—SEPARATE SUIT.

Where a husband and wife are sued jointly, the separate answer of the wife, admitting her liability for part of the items sued on, will not make her liable for the entire amount in a subsequent suit against her alone.

Appeal from special term, New York county.

Action by Charles L. Hesselbach against Henrietta K. Savage for work, labor, and materials furnished. From a judgment confirming a referee's report for defendant, plaintiff appeals. Affirmed.

The following is the opinion of McKIM, Referee:

"The plaintiff having elected to proceed with the action as against the defendant Henrietta K. Savage, abandoning the theory of a joint liability upon the part of both defendants, and the cause having been submitted for my determination upon the evidence adduced for the plaintiff, the sole question presented is whether the work in suit (as to the due performance of which there is no dispute upon the evidence) was performed at the request of this defendant or not. While no evidence has been given for the defense, the case is to be viewed as presenting an issue of fact upon the question of the defendant's request for the services, since the inferences to be drawn from the proof as to the intention of the parties are, in a sense, conflicting. and the referee, representing the tribunal of fact. is required to weigh the evidence, so far as in conflict, and to determine whether the plaintiff's case is sustained by the preponderance. Here there is no contradiction that most. and it might be said all, of the work detailed in the amended bill of particulars was performed upon and for the benefit of the premises owned by this defendant, and that she knew of the performance. Thus a prima facie case is made out, for upon these facts, without more, a presumption arises that

the work was done at the owner's request, and the proof is then to be examined to test the weight of this presumption when opposed to other evidence tending to rebut it. Cutter v. Morris, 116 N. Y. 310, 22 N. E. 451. To deny the existence of an issue of fact arising upon the strength of this presumption, the court must discover in the rebutting circumstances an overwhelming case for the defendant; but upon the proper submission of the issue as one of fact the inquiry is simply whether, in view of the rebutting facts, the plaintiff has sustained the burden of proof. Case above cited. Upon the argument the view appears to have been taken by counsel for both sides that the cause was to be determined with regard to the proposition that the defense could prevail only upon an overwhelming case; but, as I have pointed out, this is not the rule which I am to apply, and upon the record the defendant has not consented that the correct rule be abandoned. Examining the evidence bearing upon the question of the request for the plaintiff's services, I am compelled to the conclusion that the presumption of a request, arising from the defendant's ownership of the premises and knowledge of the performance of the work, is negatived, as a matter of fact, by evidence tending only to show that the plaintiff did the work, not upon her credit, but upon that of her husband. Mr. Savage, the husband, was the person treated as the debtor throughout the transactions in suit, and this fact is apparent wherever the matter of indebtedness is alluded to in the correspondence in evidence. The plaintiff had had dealings of a substantial nature with Mr. Savage prior to his marriage to this defendant, and continued to charge all work done thereafter, whether done upon Mr. Savage's furniture or upon Mrs. Savage's house, to the individual account of Mr. Savage, against whom he afterwards drew his draft for the amount of the whole account when a dispute as to the value or proper performance of the work arose. The greater part of the claim is for work done under contracts in the form of written proposals made by the plaintiff to Mr. Savage, and accepted by him verbally; and so far the case must be based upon an implied agency in Mr. Savage for his wife, and the plaintiff's reliance upon that agency. Here, again, however, the circumstances show only an intention to give credit to Mr. Savage personally, and there can be no claim that this credit was given to an undisclosed principal, since the plaintiff had knowledge at all times of Mrs. Savage's ownership of the house,—the sole fact upon which her liability as principal for this contract work might be asserted. The whole course of dealing is reasonably consistent only with the plaintiff's reliance upon the credit of the husband, to whom all the work was charged, and by whom all payments were made. The wife evidently took an interest in the beautifying of her home, and often made suggestions and gave directions in the course of the plaintiff's work; but upon all the evidence it is impossible to say that her words or actions betokened a "request," in the legal acceptance of the term, for, unless the party requested relies upon the request, the mere form of words is immaterial. If we pass to the plaintiff's own construction of his acts as found in his testimony, it is quite clear that he never intended to hold Mrs. Savage for this work, to the exclusion of Mr. Savage, but that he thought he had the right to charge either if the other failed to pay. Taken in this view, it is apparent that he chose his debtor in the person of Mr. Savage as the party who should first be called upon to pay, and the law operated to preclude his second choice. Support for the case cannot be found in the separate answer of this defendant, since, while there is an admission that some work was done for her individually, there is an issue as to what work was thus done, and, as I have said, the evidence falls short of proof that the items now in suit were chargeable to her. I must conclude that the preponderance is not with the plaintiff; and, if it be asserted that his position is a hard one, the difficulty would seem to be traced to his unfortunate choice of a defendant. Apart from any issue as to the due performance of the work, his case, if founded upon the liability of Mr. Savage, would not appear to be open to question; but to charge this defendant upon the facts presented would be to disregard the actual intention of the parties, and it may well be that she personally would not have given this work to the plaintiff, nor would have consented to its performance, but for her justifiable reliance upon the fact that the employment was not to result in any expense to her."

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and McLAUGHLIN, JJ.

G. Ryall, for appellant.

M. S. Thompson, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion by the referee.

---

(58 App. Div. 486.)

## DE SISTO v. STIMMEL.

(Supreme Court, Appellate Division, First Department. March 22, 1901.)

CITY MARSHAL—SEIZURE OF GOODS—SECURITY FROM PLAINTIFF—CONVERSION—BONDSMAN—LIABILITY.

     A city marshal's bond provided that, if he should faithfully execute the duties of his office, the obligation should be void. After the marshal had levied on personal property on an execution, the plaintiff therein deposited $250 with the marshal to secure him against any damages from the levy, to be returned if suit was not commenced for the property within 20 days. No suit was begun, and the marshal converted the money to his own use. *Held*, that the marshal's bondsmen were not liable for the conversion of the money, since the marshal had no official authority to receive the deposit.

     O'Brien, J., dissenting.

Appeal from appellate term.

Action by Antonio Dè Sisto against John Stimmel. From a judgment of the appellate term (65 N. Y. Supp. 314) reversing a judgment in favor of plaintiff, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Martin Wechsler, for appellant.

John Ewen, for respondent.

PATTERSON, J. The action was brought against John Stimmel, surety upon the official bond of Henry Lowey, a marshal of the city of New York, the condition of the bond being "that, if the said Henry Lowey shall well and faithfully execute the duties of said office of marshal, without fraud, deceit, or oppression, the above obligation shall be void; otherwise, shall remain in full force and virtue." Henry Lowey, marshal, made a levy upon personal property under an execution issued upon a judgment obtained by this plaintiff against one Fortunato. After that levy was made, the plaintiff deposited with Lowey the sum of $250, and took from him a receipt in the following words:

"Received from Antonio De Sisto order for the sum of $250 on the Bank of Savings. Said sum is to be held by me as security for damages which I may sustain by reason of a levy and execution on the clothing store No. 85½ Baxter street, N. Y. City, and to be returned within twenty days from date hereof, unless a suit is begun for said clothing within said time.

"Dated Nov. 10th, 1896.      Henry Lowey, Marshal."

It is alleged in the complaint that Lowey did not return the $250 upon demand, after the expiration of 20 days, no action having been begun against him as marshal, and that he has wrongfully converted.