EDWARD P. HATCH, Appellant, *v.* JOHN LEONARD, Respondent.

PLEADING — SUFFICIENCY OF COMPLAINT IN ACTION FOR NECESSARIES FURNISHED WIFE. A complaint in an action to recover for necessaries furnished to a wife is sufficient if it contains allegations which, if alleged in a declaration at common law, would have stated a cause of action for goods furnished. The fact that it also alleges, in a case where the defendant and his wife were living separate and apart from each other, that the purchase was made by her as his agent, will not preclude a recovery without proof of an express agency, and the exclusion of evidence tending to show that the articles furnished were necessaries for the wife and children, on the ground that it tended to prove a different cause of action, is reversible error.

..... *v.* *Leonard*, 38 App. Div. 128, reversed.

(Argued December 7, 1900; decided February 1, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 17, 1899, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The complaint alleged that "between October 6th, 1896, and December 10th, 1896, plaintiff, doing business as aforesaid, sold and delivered to defendant, and at his request, certain merchandise, said sale and delivery being to, and said request and promise to pay therefor being made by the wife of defendant, defendant's agent, and said merchandise, to to wit, dry goods, being of the value of three hundred and and thirty-five 85-100 ($335.85) dollars, which sum defendant promised to pay therefor to plaintiff, as aforesaid. That no part of said sum has been paid."

All of the allegations of the complaint were put in issue by the answer, the fifth paragraph of which reads as follows: "For a further separate and distinct defense defendant alleges that at all the times mentioned in said complaint, and for many years prior thereto, defendant and his said wife had and do now live separate and apart from each other, and that during all of said times defendant reasonably supplied her with means to obtain a home with the usual comforts, necessaries and support, and that of her children."

Upon the trial it appeared that the defendant and his wife had lived separate and apart from each other for a number of years, and plaintiff attempted to show that the articles furnished to defendant were necessaries for the wife and her children, but the court excluded the evidence, holding that it was not admissible under the complaint, because it tended to prove an entirely different cause of action from that alleged therein. Afterwards the complaint was dismissed for want of proof, and the judgment entered thereon was affirmed at the Appellate Division.

*Edward W. S. Johnston* and *Henry Tompkins* for appellant. The complaint alleging agency of his wife for the

defendant was sufficient to admit proof that goods purchased by the wife from the plaintiff were necessaries for her and for their minor children and the trial court erred in rejecting such proof. (*Koch* v. *Bissell*, 20 App. Div. 6 ; *Raymond* v. *Cowdrey*, 19 Misc. Rep. 34 ; *Hartjen* v. *Ruebsamen*, 19 Misc. Rep. 149 ; *Bloomingdale* v. *Brinckerhoff*, 2 Misc. Rep. 49 ; *Ehrich* v. *Bucki*, 7 Misc. Rep. 118 ; *Comstock* v. *Green*, 88 Hun, 64 ; *Baker* v. *Barney*, 8 Johns. 72 ; *Pomeroy* v. *Wells*, 8 Paige, 406 ; *Henry* v. *Betts*, 1 Hilt. 157 ; *Seybold* v. *Morgan*, 43 Ill. App. 39.)

*Brainard Tolles, Edward Percy Hamlin,* and *George W. McAdam* for respondent. The cause of action alleged in the complaint was one which could only be sustained by proof of actual or apparent authority of the wife to act as agent for her husband. (*Green* v. *Disbrow*, 56 N. Y. 334 ; *Griffin* v. *Griffin*, 47 N. Y. 134 ; *Daubney* v. *Hughes*, 60 N. Y. 187 ; Rogers on Dom. Rel. § 247 ; *Bostwick* v. *Brower*, 22 Misc. Rep. 709 ; *Black* v. *Bryan*, 18 Tex. 453 ; *Cunningham* v. *Reardon*, 98 Mass. 538 ; *Bergh* v. *Warner*, 47 Minn. 250 ; *Mitchell* v. *Treanor*, 11 Ga. 324 ; *Sturtevant* v. *Starin*, 19 Wis. 285 ; *Rea* v. *Durkee*, 25 Ill. 414.)

PARKER, Ch. J. We have decided at this term of court that in an action to recover against an infant for goods sold it is not necessary to allege in the complaint that the articles furnished were necessaries. As a foundation for that decision we called attention to the practice as it obtained at common law in an action to recover for necessaries furnished an infant, which was that the declaration need contain only counts as in an action for debt, for board and lodging, or goods furnished. (*Goodman* v. *Alexander*, 165 N. Y. 289.) Precisely the same rule applies to a complaint in an action to recover for necessaries furnished to a wife. This complaint alleged that the plaintiff " sold and delivered to defendant at his request certain merchandise   *   *   *   to wit, dry goods, being of the value of three hundred and thirty-five 85-100 ($335.85) dollars,

which sum defendant promised to pay therefor to plaintiff, as
aforesaid.   That no part of said sum has been paid." It will
be observed that the complaint alleges a sale of goods to defend-.
ant, and if it contained no reference whatever to defendant's
wife it could not be questioned that plaintiff could prove under
it that the goods were purchased by the defendant's wife
for the use of herself and her children, and that they were
necessaries within the *Goodman Case* (*supra*).   But as the
plaintiff alleged more in the complaint than was necessary,
namely, that the purchase was made by the defendant's wife
as defendant's agent, it is claimed that the plaintiff cannot
recover except by proving an express agency and that evidence
tending to show facts from which the law will imply an agency
is an attempt to prove a different cause of action.   A brief
examination will show that this position is not well taken.   It
should be noted that as to the matter of agency the complaint
simply alleges that the wife was the defendant's agent; it
does not allege that the defendant had expressly authorized
her to make the purchases, but instead the draftsman was con-
tented with alleging the fact of agency, and the allegations of
the complaint are satisfied, therefore, by proving either an
express agency or the facts from which the law implies an
agency.   An express agency was not proved ; for it does not
appear from the evidence that the defendant ever authorized
his wife to make any of the purchases, nor does it show that
they were living together as husband and wife, but instead
the fact distinctly appears that they were living separate and
apart from each other.   Nevertheless it was possible that the
plaintiff could have proved facts from which the law would
imply an agency on the part of the wife to purchase these
goods for her husband.   For notwithstanding the separation
of husband and wife, the former is bound to support the latter
together with her children in the absence of either an agree-
ment or a decree of the court relieving him from that burden,
and in such a case if the wife purchases only those things
which may be held to be necessaries, the law implies an agency
on her part to make the purchase on the husband's credit.

The authorities cited as holding otherwise, as I read them, are not at all in conflict with the views so far expressed, but, on the contrary, confirm them.

The case of *Montague v. Benedict* (3 B. & C. 631), so far as appears from the report, was an action for jewelry furnished to the wife of the defendant. The complaint was the ordinary one in assumpsit for goods sold and delivered. The plea was the general issue. There the plaintiff was nonsuited, it is true, but not until after the evidence on both sides had been introduced, and the real question involved was whether, under the evidence adduced, the goods were necessaries.

In *Clifford v. Laton* (3 C. & P. 15) it appeared that the defendant's wife, who personally ordered the goods, was living apart from her husband. The complaint was for goods sold and delivered, and the plea was the general issue. No objection was made as to the sufficiency of the declaration.

In *Baker v. Barney* (8 Johns. 72) the defendant had parted from his wife by consent, but, nevertheless, was held liable in an action for goods sold and delivered, being necessaries sold to the wife.

In *Cromwell v. Benjamin* (41 Barb. 558) the action was brought to recover the value of a bill of goods furnished by the plaintiff to the defendant's wife and children. It was there said : "If the liability of the husband for necessaries furnished to his wife rested solely on the ground of an agency in fact, express or implied, it would be somewhat difficult to sustain the report of the referee in this case. * * * *But the husband may be liable for necessaries furnished to the wife, in certain cases, though the existence of an agency or assent, express or implied in fact, is wholly disproved by the evidence, and this upon the ground of an agency implied in law, though there can be none presumed in fact.*"

The plaintiff, claiming that the facts existed in this case from which the law would imply an agency on the part of the wife to purchase the goods in question, attempted to prove such facts, but they were excluded by the court on the ground that they were not admissible under the pleadings, and the

exceptions taken to such rulings entitle the plaintiff to a reversal of the judgment.

GRAY, J. (dissenting). The complaint alleged that certain dry goods were sold and delivered between October 6, 1896, and December 10, 1896, "to defendant and at his request; * * * said sale and delivery being to, and said request and the promise to pay therefor being made by the wife of defendant, defendant's agent." The answer denied the delivery of the merchandise at plaintiff's request; or that the defendant's wife was his agent, or had any authority to purchase the goods for him. When the trial was reached, the plaintiff's counsel, in his opening, stated that defendant and his wife had not been living together for some eight years prior to the sale of the goods. That fact was also testified to by defendant's wife, called as plaintiff's witness, and, further, she testified that during that period the defendant had been making her a monthly pecuniary allowance. After proving the delivery of the goods to the defendant's wife, plaintiff's counsel offered no evidence to prove any agency for, or authority from, the husband; but he sought, by the testimony of the wife, to show that the goods furnished were necessary for her use or comfort and that of her children. This testimony was excluded, upon the defendant's objection that the action was not brought to recover for "necessaries," but upon the idea of an agency in the wife to bind her husband.

At the conclusion of the plaintiff's case, a motion was made to amend the complaint, so as to allege that the goods were necessary for the defendant's wife and children; which was denied, upon the ground that it would change the cause of action. The defendant's motion for a dismissal of the complaint, upon the ground that no agency, either express or implied, had been established, was granted.

I do not see how *Goodman* v. *Alexander* is controlling. That was an action against the infant to whom the goods were sold.

The cause of action stated in this complaint was one depending upon the allegation of the agency of the defend-

ant's wife. That was the issuable fact and, if it could be established by evidence, the allegation was sufficient; within the requirement of the rule of pleading that the facts are to be stated, which call into operation the rules of law imposing a duty upon the defendant and the consequent liability for his default. No attempt, however, was made upon the trial to establish such an agency. No proof was excluded, which tended to show that the defendant's wife was, expressly or impliedly, authorized to contract for him. The evidence, which was excluded by the trial judge, was offered to show that the articles were necessary to her support and comfort, or to that of the children; with the view, presumably, of sustaining the right of the plaintiff to recover for supplying what the defendant was in duty bound to supply. That was quite a different theory of liability and one which was not suggested by the complaint. If the plaintiff's right of recovery rested upon such a ground, then it was incumbent upon him to state in his complaint the facts; in order that the defendant might be apprised of what he must meet upon the trial. To seek to charge a defendant with a liability for the acts of his agent is one thing and to seek to charge him with a liability arising out of his non-fulfillment of some social duty, or obligation, implied by the law, is another thing. They constitute different causes of action and necessitate different methods of proof. If, by resort to legal fictions, the wife may be regarded as her husband's agent and invested with an implied authority, as such, to bind him in contracting for necessaries, which he fails to supply, still, in such a case, the rules of pleading would not, in my judgment, be satisfied by stating the mere legal conclusion, without the facts from which it is asserted. But, as that fiction of agency, essentially, depends upon the cohabitation, or the living together, of the parties, it was, at once, destroyed by the statement of the plaintiff's counsel, upon the opening of the trial, that they had been separated for several years; a fact subsequently established by the plaintiff's proof. Therefore, the case was one where the plaintiff could not prove his allegation of an agency and, in lieu of

that, sought to recover upon another ground; namely the liability of a husband for necessaries supplied to his wife.

Whatever presumption of authority in the wife is to be inferred from cohabitation, her separation from her husband, necessarily, negatives that presumption. While they live together, when she purchases necessaries for herself, or family, the law will presume that she had the authority of her husband for doing it and she is privileged to pledge the credit of her husband. It is the cohabitation, or living together of the parties, in their marital relation, upon which the law founds the duty of the husband and, in the case of his neglect to perform it, sustains the right of another to recover for supplying necessaries to his wife. The principle is then applicable of an implied authority in her to bind her husband. (See *Montague* v. *Benedict*, 3 B. & C. 631; *Blowers* v. *Sturtevant*, 4 Denio, 46; *Cromwell* v. *Benjamin*, 41 Barb. 558; *Eames* v. *Sweetster*, 101 Mass. 78; Reeve's Domestic Relations [4th ed.], pp. 114, *et seq.*)

Whatever the implied authority of the wife to bind her husband in the purchasing of such necessaries as are reasonable, in view of her social status, or condition, the separation, or non-cohabitation, of the parties essentially changes the legal situation. If the separation is not due to her misconduct, the husband will continue to be bound to furnish her with those things, which are reasonably necessary for her, or their children, and, if he fails in that respect, she will be entitled to a general credit to that extent; but the theory, or implication, of any agency in her is negatived by the fact of the separation. If she is not expressly authorized, as any other person might be, to act as his agent; or, if her contracts are not recognized and ratified by him, his liability must rest upon a different ground. It must rest upon the duty which the law has always recognized as being imposed upon him, by virtue of their marital relation, to supply her with what she needs in her condition of life. His failure to perform that which law and duty require of him, confers upon her authority to act, to the extent that it may be nec-

essary to provide herself and her family with the reasonable necessaries of life.

In applying these principles to the case at bar, we see, in view of the separation of the defendant and his wife, that the presumption of any agency in her to make him liable upon her contracts for necessaries was negatived. She was in no sense his agent. If he was liable at all, it was because of a state of facts, which it was incumbent upon the plaintiff to allege. It is the office of the complaint to state concisely the facts constituting the plaintiff's cause of action, in order that the defendant may be prepared for the trial of the issue tendered. I think the trial judge committed no error in refusing to permit the plaintiff to amend his complaint and in nonsuiting him for failure of proof. However liberal the construction, which the Code of Procedure permits to be given to the pleadings, in the interest of substantial justice, the rule, that a party, who comes into court with one cause of action, cannot recover on another and different one, is unchanged. The power of the trial court to amend upon the trial is limited to a case where the amendment does not change, substantially, the claim or defense. (Code of Civ. Proc. secs. 519, 723; *Southwick* v. *First Nat. Bank*, 84 N. Y. 420; *Reed* v. *McConnell*, 131 ib. 425.) If the plaintiff's allegation is unproved in its entire scope, upon which he rested his right to recover, there is a failure of proof and no judgment in his favor could stand.

I think the judgment should be affirmed.

MARTIN, CULLEN and WERNER, JJ., concur with PARKER, Ch. J., for reversal; BARTLETT and VANN, JJ., concur with GRAY, J., for affirmance.

Judgment reversed, new trial granted, costs to abide event.

JOSEPH F. SINNOTT, Individually, and as Surviving Partner of
ANDREW F. MOORE, Deceased, Appellant, *v.* BERNARD
FEIOCK, Respondent, Impleaded with Another.

REPLEVIN — WHEN NOT MAINTAINABLE. Replevin will not lie against
the vendee of goods fraudulently purchased where, prior to a demand for
their return and before the commencement of the action, they have been
taken from him by process legal as to him, viz., an execution, and not by
any voluntary act on his part. Authorities upon the subject of replevin
collated and discussed.

(Argued December 6, 1900; decided February 1, 1901.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
November 22, 1898, affirming a judgment in favor of defend-
ant entered upon a dismissal of the complaint by the court at
a Trial Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Frank J. Hone* and *Thomas Bracken* for appellant. The
dismissal of plaintiff's complaint as to defendant Feiock was
error. (*Barnett* v. *Selling*, 70 N. Y. 492; *Nichols* v. *Michael*,
23 N. Y. 264; *Knapp* v. *Smith*, 27 N. Y. 277; *Ellis* v.
*Lersner*, 48 Barb. 539; *Dunham* v. *T. U. R. R. Co.*, 3
Keyes, 543; *Brockway* v. *Burnap*, 16 Barb. 309; *Ward* v.
*Woodburn*, 27 Barb. 346; *Tasker* v. *Ryan*, 75 N. Y. S. R.
341; *N. S. Co.* v. *Sheahan*, 122 N. Y. 461; *Devoe* v. *Brandt*,
53 N. Y. 462.)

*Charles E. Bostwick* for respondent. The dismissal of the
complaint as to defendant Feiock was proper. Even if he
had wrongfully obtained possession of the said chattels, there
is no claim on the part of the appellant that he wrongfully
detained them or wrongfully parted with them. (*Hall* v.
*White*, 106 Mass. 599; *Roberts* v. *Randel*, 3 Sandf. 707.)

CULLEN, J. The action is in replevin to recover certain chattels which it was alleged the plaintiff was induced to sell to the respondent by fraud on the part of the latter. The complaint was in the ordinary form and averred property in the plaintiff and that the defendant wrongfully took and detained the chattels. The complaint was dismissed on the opening of the plaintiff's counsel and his concession (apparently made for the purpose of obtaining a ruling on the question) that prior to a demand for the return of the goods and before the commencement of the action the chattels had been taken from the defendant on an execution against him and sold, so that at the time of such demand and commencement of the action they were not in the defendant's possession, custody or control. On this concession the trial court dismissed the complaint and the judgment entered on such dismissal has been affirmed by the Appellate Division.

There was no suggestion made that the defendant obtained the property with the intention that it should be seized on execution or in pursuance of any conspiracy or collusion with the execution creditor. The sale was not void, but voidable at the election of the plaintiff. At the time the chattels were seized on execution the plaintiff had not rescinded the sale, and whatever were the plaintiff's rights, the seizure of the goods as to the defendant was lawful, and he could not resist or avoid it. The question presented, therefore, is whether the defendant is liable in an action of replevin for the recovery of the chattels after they have been taken from him by process legal as to him and not by any voluntary act on his part. The determination of this question requires an examination and consideration of this particular form of action as it now exists under our Code and statutes.

Originally at common law the action of replevin lay to recover the possession of goods illegally distrained by a landlord. The primary object of the action was to recover possession of the specific chattels. The form of action was so useful that the action was extended to nearly all cases of unlawful caption or detention of chattels where it was

sought to recover the chattels in specie. In many cases where the plaintiff was unable to obtain the return of the chattels he could recover in the action their value. Still, the action remained essentially one to recover the possession of chattels as distinguished from actions in trespass or trover to recover damages for the seizure or for the value of the property. There were many technical rules in force relating to this form of action, which at times made proceedings under it difficult, and in 1788 a statute was passed in this state (1 R. L. 1813, p. 31) to simplify the procedure. It directed the form of plaint before the sheriff in which the plea was "of taking and unjustly detaining" beasts, goods or chattels. Afterwards the Revised Statutes prescribed the rules governing actions of replevin and the procedure therein. (Title 12, chap. 8, part 3.) In the original note of the revisers is stated their intention to so extend the action of replevin "as to make it a substitute for detinue, and a concurrent remedy in all cases of the unlawful caption or detention of personal property, with trespass and trover." We do not think the revisers used the term "concurrent" as meaning "co-extensive," for by section 6, title 12, it is provided that the action shall in all cases be commenced by writ, the form of which is prescribed as follows: "Whereas A. B. complains that C. D. has taken, and does unjustly detain (or, 'does unjustly detain,' as the case may be)." The execution in the action required the sheriff to replevin the goods if they could be found and deliver them to the plaintiff, and in case they could not be obtained to collect their value with the damages and costs from the property of the defendant. The provisions of chapter 2 of title 7 of the Code of Procedure of 1848, entitled claim and delivery of personal property, operated as a substitute for those of the Revised Statutes. They direct that at the commencement of the action the plaintiff may replevy the chattels, but in the affidavit to obtain the writ there is required the statement that the defendant "unjustly detains" them. The provisions of the present Code of Civil Procedure in the article entitled "Action to recover a chattel"

(§ 1689 to § 1730), are substantially the same as those of the old Code.

The question several times arose under the Code of Procedure whether replevin could be maintained against a party who was not in possession, either actual or constructive, of the chattels, and was the subject of conflicting decisions in the Supreme Court and in the Superior Court of New York. It finally came to this court in *Nichols* v. *Michael* (23 N. Y. 264). This was also a case of fraudulent purchase of goods in which the defendant, before the action was brought, had voluntarily transferred the goods to his assignee. It was held that the action could be maintained. This decision was based on the authority of two English cases, *Garth* v. *Howard* (5 Car. & P. 346) and *Jones* v. *Dowle* (9 M. & W. 19). In the case in this court Judge SELDEN wrote: " The theory upon which these cases proceed is perfectly sound, and applies directly to the present case. It is, that where a person is in possession of goods belonging to another, which he is bound to deliver upon demand, if he, without authority from the owner, parts with that possession to one who refuses to deliver them, he is responsible in detinue equally with the party refusing. He contributes to the detention. It is the consequence of his own wrongful delivery. The action in such cases may properly be brought against both, because the acts of both unite in producing the detention." This doctrine has been steadily adhered to by this court. (*Barnett* v. *Selling*, 70 N. Y. 492; *Dunham* v. *Troy Union R. R. Co.*, 3 Keyes, 543.) These decisions, however, do not control the present case. They are authorities to the effect that where the defendant has wrongfully parted with possession the action will lie. As already stated, the defendant did not part with possession by any act on his part, but the property was taken from him by process of law valid as to him and which he could not resist. To uphold a recovery in replevin under such circumstances we must go further, and decide that whenever property has been taken or obtained wrongfully an action of replevin may be maintained against the taker regardless of whether the property is in his posses-

sion or whether he has been lawfully deprived of it, and, as a logical sequence, as we think, also regardless of the fact that the property sought to be replevined may have ceased to exist without fault on the defendant's part; in other words, that the action can be maintained under all circumstances to the same extent as an action for conversion. Such a doctrine would substantially destroy the characteristics of an action of replevin which distinguish it as an action to recover possession of specific property, and we find no authority for it in the decisions of this or of our sister states. In Massachusetts the rule seems absolute that the defendant must be in possession when the action of replevin is brought. (*Richardson* v. *Reed*, 4 Gray, 441; *Hall* v. *White*, 106 Mass. 599.) In the earlier case it is said: "By the common law replevin cannot be maintained where trespass cannot; for, by that law, an unlawful taking of goods is a prerequisite to the maintenance of replevin. But trespass will lie in cases where replevin will not. Replevin, being an action in which the process is partly *in rem*, will not lie where it is impracticable or unlawful to execute that part of the process according to the precept." In the later case it was held that the action would not lie against a sheriff who had seized goods but parted with possession before the date of the plaintiff's writ. The same rule obtains in New Hampshire (*Mitchell* v. *Roberts*, 50 N. H. 486), Iowa (*Coffin* v. *Gephart*, 18 Iowa, 256), Missouri (*Feder* v. *Abrahams*, 28 Mo. App. 454; *Davis* v. *Randolph*, 3 Mo. App. 454), Maine (*Howe* v. *Shaw*, 56 Me. 291), Minnesota (*Ames* v. *Miss. Boom Co.*, 8 Minn. 467), and in North Carolina (*Haughton* v. *Newberry*, 69 N. C. 456). In Michigan the statute as to procedure in replevin is similar to our own, and in *McBrian* v. *Morrison* (55 Mich. 351) the Supreme Court of that State, following the rule in *Nichols* v. *Michael* (*supra*), held that the action lay, despite a wrongful transfer by the defendant prior to its institution. In the subsequent case of *Gildas* v. *Crosby* (61 Mich. 413) it is said: "The nature of the remedy, the detention being the gist of the action and the delivery of the goods its object, forbids this action against one

not in possession and who cannot deliver the property unless he has concealed, removed or disposed of the same with the intent of avoiding the writ." Accordingly it was held that replevin would not lie against a pledgee who had improperly sold the pledge and parted with possession. With us it is sufficient that the defendant has voluntarily disposed of the property, though without intent to avoid the writ. (*Barnett* v. *Selling, supra.*) In Wisconsin, though a decision on the exact point seems wanting, the dicta of the opinions indicate the rule to be the same as that in this state. In Virginia there is a very early case on the subject (*Burnley* v. *Lambert*, 1 Wash. 308) argued by Mr. (afterwards Justice) Washington and Mr. (afterwards Chief Justice) Marshall. It was there held that the defendant could not, by transferring the property before the commencement of the action, defeat the writ. In the opinion it is said that "Possession of the defendant prior to the suit was sufficient to charge him unless he was legally evicted." In *Pool* v. *Adkisson* (1 Dana, 110) the Court of Appeals of Kentucky, following the decision in *Burnley* v. *Lambert*, held that the voluntary transfer of the defendant before suit did not defeat an action in replevin. It is there said : "According to the case of *Burnley* v. *Lambert*, the fact that the plaintiff was not possessed of the slaves when this suit was brought cannot change or affect the remedy, unless he had been 'legally evicted.' This doctrine, if interpreted literally, may be too restrictive. But it seems to be free from just exception, if understood as we suppose it ought to be, to mean that the plaintiff had been divested of the possession in a manner authorized by law, and which would, therefore, exonerate him from the charge of tortious conduct." It was held by the same court, in *Caldwell* v. *Fenwick* (2 Dana, 333), that detinue could not be maintained for a slave dead before the commencement of the action, though otherwise if he had died subsequent to the commencement of the action, or the defendant had improperly parted with his possession. The court said : "Detinue is a mode of action given for the recovery of a specific thing and damages

57

for its detention, though judgment is also rendered in favor of the plaintiff for the alternate value, provided the thing cannot be had ; yet the recovery of the thing itself is the main object and inducement to the allowance of the action. * * * The action is not adapted to the recovery alone of the value of a thing detained ; nor can it be maintained therefor."

We have thus reviewed the leading cases in this country in reference to the circumstances under which an action of replevin can be maintained. None of them authorizes the maintenance of the action under the circumstances of the present case. In all of them replevin is held to be essentially a possessory action. In many of the states it is unqualifiedly requisite for the maintenance of the action that the defendant should be in possession of the chattels sued for at the time the action was commenced. In others, as in our own state, an exception is made to the general rule where the defendant has voluntarily parted with the property. Still the exception goes only to the extent stated. The law in Virginia and Kentucky is substantially the same as our own, and the cases cited from those states are well reasoned on principle. The case at bar falls within the rule stated in those cases, that where the defendant is evicted by legal process before suit brought the action will not lie, and we are, therefore, of opinion the disposition of the case by the courts below was correct. We have not overlooked the decision in *Devoe* v. *Brandt* (53 N. Y. 462). In that case Samuels, the vendee, from whom the goods had been taken on execution, did not defend the action and the question we have discussed did not arise. The action was unquestionably well brought against the other defendant, as he was in possession of the chattels at the time of the commencement of the suit.

It is urged that whatever may have been originally the nature and character of an action of replevin, there is now no longer reason for maintaining a distinction between it and an action for conversion, and that it would conduce greatly to the speedy administration of justice to permit the use of the first form of action as a substitute for the second. A good

deal may be said in favor of this claim, great as would be the innovation resulting in its acceptance. There is, however, a serious objection to adopting this view of an action of replevin. If a defendant is arrested in an action to recover a chattel he can be discharged only upon giving a bond for the return of the chattel or the full payment of any judgment that may be recovered against him ; while in an action for conversion the bond is conditioned only for his personal surrender to any mandate or final judgment against him. (Code Civ. Pro. § 575.) The form of the action, therefore, seriously affects the rights of the defendant against whom it is brought. While this consideration should not induce us to limit the scope of an action of replevin except within the bounds pre-·scribed by statute and the authorities, it may well restrain us from taking any radical departure in the law.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN, VANN and WERNER, JJ., concur.

Judgment affirmed.

---

MARGARET BELINDA WILBER et al., Individually, and as Executors of DAVID WILBER, Deceased, Appellants, v. EDITH M. WILBER, an Infant, by JAMES H. CRANDALL, her Guardian ad Litem, Respondent, Impleaded with Another.

*Wilber* v. *Wilber,* 45 App. Div. 158, affirmed.