(38 Misc. Rep. 784.)

### CONSTABLE et al. v. ROSENER.

(Supreme Court, Appellate Term. June, 1902.)

1. HUSBAND AND WIFE—SEPARATION—LIABILITY FOR SUPPORT.

    Though husband and wife are separated, he is bound to support her, in the absence of an agreement or decree relieving him therefrom.

Appeal from municipal court, borough of Manhattan. Seventh district.

Action by Frederick A. Constable and others against Henry Rosener. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and GILDERSLEEVE, JJ.

Epstein Bros., for appellants.
Maginnis & Blackwell, for respondent.

MacLEAN, J. In the autumn of 1901 the plaintiffs furnished the spouse of the defendant certain articles necessary and proper for her use. Evidence was given to show that she had left her husband four years previously, had refused to return or to maritally recognize him when he went to her abode, and that at the time of receiving the goods she was having or about to have her name changed by order of the court, without altering any other relation to the defendant. The learned trial justice found that the wife abandoned the husband, and gave judgment for the defendant. This was error. "Notwithstanding the separation of husband and wife, the former is bound to support the latter, * * * in the absence of either an agreement or a decree of the court relieving him from that burden." Opinion of the court, Hatch v. Leonard, 165 N. Y. 438, 59 N. E. 271. This may not be treated as obiter, as the defendant would have it. It is stated as the major premise in the reasoning of the opinion, and is

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 123.

entitled to respect as a distinct exposition of the law of this state by its court of last resort. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to abide event. All concur.