### McBRIDE v. ADAMS.

(Supreme Court, Appellate Term. November 18, 1903.)

1. HUSBAND AND WIFE—AGENCY OF WIFE—BURDEN OF PROOF.
    The affirmative on the question of the wife's agency to bind the husband by a purchase of jewelry is on him who seeks to hold the husband.
2. SAME—ARTICLES NOT NECESSARIES—LIABILITY OF HUSBAND—IMPLIED AGENCY.
    In the absence of an express conferment of authority to pledge his credit, a husband can only be held liable for articles ordered by the wife, which, like jewelry, are not of such a character as to import an agency in her to procure them for the household, upon the implication of agency arising from his duty to furnish necessaries.
3. SAME—DEBTS OF WIFE—LIABILITY OF HUSBAND—PROMISE TO PAY—CONSIDERATION.
    Liability of a husband for a debt of his wife cannot be predicated on his bald promise to remit, when finally apprised of the claim, in the absence of any consideration for such promise.

Appeal from City Court of New York.

Action by John J. McBride against Samuel F. Adams. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

¶ 2. See Husband and Wife, vol. 26, Cent. Dig. § 134.

Clarence W. Francis and Bery. E. De Groot, for appellant.
Charles De Haut Brower, for respondent.

BISCHOFF, J. The issue of the defendant's liability was presented by his general denial of allegations setting forth a sale of jewelry to him, and delivery of the goods to his wife; the affirmative upon the question of the wife's agency being with the plaintiff. Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270. The defendant and his wife were living together at the time of the purchase, and, the goods not being of a character such as would import an agency in the wife to procure them as articles required for the common household, the husband was to be made liable only upon the implication of agency arising from his duty to furnish necessaries, in the absence of proof of an express conferment of authority to pledge his credit. Wanamaker v. Weaver (N. Y., Oct. 6, 1903) 68 N. E. 135.

The trial justice foreclosed an inquiry as to whether these goods were necessaries by announcing, for the purposes of the record, that, as he continued the pleadings, the plaintiff was entitled to recover upon proof, simply, that there was a sale to the wife, and of the reasonable value of the goods. Upon this theory, when both sides moved for a direction of a verdict, the direction for the plaintiff was inevitable; and, while the respondent seeks to uphold the result upon the ground of a ratification by the husband, we cannot adopt the view that there was sufficient proof of a ratification to justify the determination of the issue. The separation agreement recognized, not the fact of liability, but merely an apprehended claim of liability, for this bill; and the defendant's letter to the tradesman negatived, rather than proved, a ratification, in view of the expression of complete ignorance of the transaction, and the request for information. We cannot approve the verdict directed as a legitimate conclusion of fact upon the evidence before the court, and it is apparent that the defendant did not have the benefit of substantial justice, through the mistaken theory upon which the trial was conducted. So far as there were any facts before the court, the case was, to say the least, stronger for the defendant than for the plaintiff; the original credit for this bill having been given solely to the wife, who paid it in part, and the assertion of the defendant's liability (unsupported by any presumption of agency) being resorted to only because of the tradesman's failure to collect the balance, after repeated demands, from the debtor originally chosen. Hesselbach v. Savage, 57 App. Div. 632, 69 N. Y. Supp. 429. Liability was not to be imposed upon the weight of the defendant's bald promise to remit, when finally apprised of this claim, which, upon the facts, was the debt of another, in the absence of anything which could suggest a consideration for the promise.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.