(49 Misc. Rep. 235)

HASS et al. v. BRADY.

(Supreme Court, Appellate Term. January 8, 1906.)

1. HUSBAND AND WIFE—CREDIT OF HUSBAND—RIGHT OF WIFE TO PLEDGE.

The authority of a wife to pledge her husband's credit for the purchase of clothing, cannot be presumed where she and her husband are separated, it not appearing that he had neglected to supply her with such clothing and other necessaries as were within his means, and reasonably suitable to the station in life wherein the parties were situated.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 123.]

2. SAME—LIABILTY OF HUSBAND.

Where a husband and wife separated, and there was no evidence that the husband had neglected to supply her with such clothing and other

necessaries as were within his means, and reasonably suitable to the station in life wherein the parties were situated, the fact that, by the wife's direction, the bill for clothing sold her was sent to her husband, did not make the transaction a sale to the latter, or release the wife from liability to the vendors.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and Wife, § 123.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Samuel Hass and another against Sadie V. Brady. Judgment for defendant, and plaintiffs appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Adam Wiener, for appellants.
Spencer, Ordway & Wierum, for respondent.

SCOTT, P. J. In November, 1904, the defendant, a married woman of large independent means, living apart from her husband, ordered from plaintiffs two costumes aggregating in value $238, which she directed should be sent, when completed, to her at an hotel at which she then resided, and at the same time directed that the bill should be sent to her husband. She had no direct authority to pledge her husband's credit for the purchase; her authority to do so cannot be presumed from the fact of cohabitation, for she and her husband were separated, and there is not the slightest evidence that the husband had neglected or refused to supply her with such clothing and other necessaries as were within his means, and reasonably suitable to the station in life in which the parties were situated. Upon the evidence there was a total lack of everything necessary to show that defendant had any right to attempt to make her husband liable for these particular clothes either upon the ground of implied agency, or in the fulfillment of his marital duty to supply his wife with necessaries. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270.

It is futile to urge, as the respondent does, that the question of the husband's liability is not involved in this appeal. It is very directly involved. The defendant purchased and received the clothes for her own use. Her contract and her consequent liability was complete, unless her husband was liable. She may not escape liability because, by her direction, the bill was sent to her husband. This certainly did not make the transaction a sale to the husband, did not create any liability on his part, and does not show or even tend to show that plaintiffs extended the credit to the husband, to the exclusion of the wife. They simply complied with her order. If she had directed the bill to be sent to her bank, and the bank, for lack of funds to her credit, had refused to pay, it is certain that the defendant could not have thus escaped liability. Upon the same principle she cannot escape now. It would be a miscarriage of justice to deny the plaintiffs all relief, simply because they relied upon defendant's erroneous

representation that her husband would pay the bill. And yet, if the husband is not liable, this judgment would work just such a miscarriage.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

BISCHOFF, J., concurs.

MacLEAN, J. (dissenting). In their suit for work, labor, and services, and materials furnished, it was incumbent on the plaintiffs to prove an express contract with the defendant for clothing ordered by her as Mrs. Daniel M. Brady, for "the common-law duty of a husband to support his family has not been changed by legislation relating to married women. * * * The liability for necessaries furnished to the family of a married man is presumptively and ordinarily upon the husband, unless the wife by express agreement charged herself personally with the same." Grandy v. Hadcock, 85 App. Div. 173, 174, 83 N. Y. Supp. 90. No such express agreement was shown; in fact, the preponderance of evidence of the saleswoman of the plaintiffs', and of the defendant herself, tended to establish sale and credit to the husband of the defendant in nowise contradicted by evidence of the way the plaintiffs kept their books and entered their charge accounts, or by the direction to pay alimony after the order for the goods had been given and accepted, or by much otherwise immaterial to the issue herein.

True it is that husband and wife were living apart, but that fact alone is insufficient to relieve him of his marital obligation, though it may not always be based upon the theory of an implied agency, as the dictum in Hatch v. Leonard, 165 N. Y. 435, 438, 59 N. E. 270, would seem to import, but rather upon the duty cast by law, because, as appears from the testimony herein, "If the separation is not due to her misconduct, the husband will continue to be bound to furnish her with those things, which are reasonably necessary for her or their children, and, if he fails in that respect, she will be entitled to a general credit to that extent; but the theory or implication of an agency in her is negatived by the fact of the separation. If she is not expressly authorized, as any other person might be, to act as his agent, or if her contracts are not recognized and ratified by him, his liability must rest upon a different ground. It must rest upon the duty which the law has always recognized as being imposed upon him, by virtue of their marital relation, to supply her with what she needs in her condition of life. His failure to perform that which law and duty require of him confers upon her authority to act, to the extent that it may be necessary to provide herself and her family with the reasonable necessaries of life." Gray, J., dissenting opinion in Hatch v. Leonard, 165 N. Y. 435, 442, 59 N. E. 270, taken as statement of the rule in Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376, which latter case has been affirmed above on the opinion in the Appellate Division.

There was a conflict herein between the wife and the husband as to what and how much money was furnished by him to her, but no

dispute that the wife is suing the husband for an absolute divorce, and that he left the house on October 8th and has not been back since then. The determination of the trial justice upon the facts should not be disturbed, and the judgment rendered in favor of the defendant should be affirmed.