### SCHNEIDER v. ROSENBAUM.

(Supreme Court, Appellate Term.   December 11, 1906.)

HUSBAND AND WIFE—NECESSARIES—SERVICES OF NURSE.

> The services of a nurse during confinement are necessaries for which a husband is liable, although he is living apart from his wife and is paying her $5 a week.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, § 135.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Mollis Schneider against Pincus Rosenbaum for services. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

B. E. Siegelstein, for appellant.
S. Manheimer, for respondent.

DAVIS, J. Plaintiff brought this action for services as a nurse to the defendant's wife during her confinement. The wife engaged the nurse at $10 a week. During all this time an action for separation was pending between the defendant and his wife; the wife being the plaintiff. It also appears that defendant was paying his wife $5 a week. The defendant contended that he was not liable for the services of a nurse because he and his wife were living apart. The Trial Court found for the plaintiff.

The services rendered were clearly necessaries for which the husband may be held liable, notwithstanding their living apart. Hatch v. Leonard, 165 N. Y. 435, 438, 59 N. E. 270.

Judgment affirmed, with costs. All concur.