## WILSON v. THOMASS.

(Supreme Court, Appellate Term.  February 9, 1911.)

1. HUSBAND AND WIFE (§ 19*)—NECESSARIES FURNISHED WIFE—LIABILITY OF HUSBAND.

A husband is liable for necessaries furnished to his wife only when his wife has been constituted his agent to purchase the goods, or where he fails to provide for her proper support.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138;  Dec. Dig. § 19.*]

2. HUSBAND AND WIFE (§ 19*)—NECESSARIES FURNISHED WIFE—LIABILITY OF HUSBAND.

Where husband and wife are living apart, and he furnishes her with sufficient means to purchase all necessaries without pledging her credit, the husband, as a general rule, is not liable under any quasi contractual theory for necessaries furnished her, nor is he liable under any theory of express or implied agency on her part to purchase the necessaries.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138;  Dec. Dig. § 19.*]

3. HUSBAND AND WIFE (§ 19*)—NECESSARIES FURNISHED WIFE—LIABILITY OF HUSBAND.

Where a merchant dealt with a wife, who paid the bills for merchandise furnished, and he did not know of the existence of the husband, except when consulted by the wife about a present to her husband, and the merchant sold and delivered the merchandise to the wife at her special instance and request, the husband, who furnished the wife with sufficient means to purchase all necessaries without pledging her credit, was not liable on the theory that he held the wife out as his agent in the purchase of necessaries.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138;  Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James J. Wilson against Edward Thomass.  From a judgment of the Municipal Court for defendant, plaintiff appeals.  Affirmed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Marsh, Wever & Wemple (Charles C. Marsh, of counsel), for appellant.

A. P. Bachman, for respondent.

LEHMAN, J.  The defendant in this case is a merchant.  He maintained an office in the city of New York and a factory in a small town in Germany.  His wife and daughters resided in this town, and he was accustomed to spend two or three months a year with them, and resided in New York the remainder of the year.  His wife maintained a large house in this small town in Germany, and spent for household and personal expenses as much as $60,000 in a single year.  She received no allowance from her husband, but paid her bills by drawing money under a power of attorney given to her by her husband.  In October, 1908, she closed her house, apparently at her husband's request, and in December, 1908, met her husband in Berlin.  He then

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

informed her that her expenditures were too large, and that in the future he would give her an allowance of $750 per month for her expenses, and at the same time he made other provision for his daughters. There does not seem any reasonable doubt that this allowance was large in proportion to their means, even though it represented a great reduction from the sums theretofore spent by the wife. Since that time the husband and wife have lived apart. The plaintiff is a Berlin merchant, who had supplied the wife with goods for several years, and had been paid by her by funds drawn by her from her husband's business. He had no direct notice of any change in the relations between the defendant and his wife, and continued thereafter to supply her with goods, and now seeks to hold the defendant for their payment. The complaint states that these goods were necessaries furnished to the wife at her instance and request.

A husband is liable for necessaries furnished to his wife only if his wife has been constituted his agent to purchase the goods, or if he fails in his social duty to provide for her proper support. Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529, 98 Am. St. Rep. 621; Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270. While the pleadings fail to allege any sale to the defendant personally, or any agency on the part of the wife, the trial seems to have been conducted upon the theory that the plaintiff is entitled to recover if he proves liability of the husband on any theory. The proof shows that the defendant, while living apart from his wife, furnished her with sufficient means to purchase all necessaries without pledging her credit. Ordinarily, where parties are separated, this proof would be sufficient to defeat any recovery. The husband has failed in no duty owing to his wife, and can, therefore, not be held under any quasi contractual theory, and there was certainly no express or implied agency on her part to purchase these goods. The plaintiff, however, claims that, even though this be true, he may still recover, upon the theory that by the course of dealings between the parties the wife was held out as the husband's agent for the purpose of making purchases, that he was entitled to notice of the termination of this agency, and that the fact that the parties no longer lived together was not notice to the world of its termination, because even previously they had lived together only at long intervals.

It seems to me that this contention cannot be successfully maintained. It appears that in all the dealings between the plaintiff and the defendant's wife the bills were sent to the wife and paid by the wife. There is no evidence that the plaintiff even knew of the defendant's existence, except that the wife testified that she consulted the plaintiff about a present to her husband. While probably the wife had in fact the implied power to purchase goods for her husband during the time that he was giving her no allowance, the fact that the goods were purchased by the wife in a city where neither she nor her husband resided, that husband and wife seldom lived together, that all the bills were sent to the wife and paid by the wife's direction, and that in some cases the purchases charged on these bills were known to be intended for presents to the husband from the wife, point rather to the

conclusion that the wife was not held out as the agent, and that the goods were sold to her as principal, and are sufficient to sustain a finding of fact to that effect, especially in view of the fact that the complaint alleges that they were sold and delivered to her at her special instance and request.

We need not consider, therefore, whether or not the plaintiff had constructive notice that the wife's agency was terminated, since it does not appear that the plaintiff ever relied upon such agency.

Judgment should be affirmed, with costs. All concur.