ELIZA CATLIN, Appellant, v. CHARLES H. MARTIN, Respondent.

Where a wife whose husband is able and willing to provide her with proper and suitable maintenance if she will live with him, leaves him at the instigation of her parent, against his will, and without justifiable cause, and goes to live with such parent, the latter cannot maintain an action against the husband for board or necessaries furnished her, in the absence of evidence of a request on his part that they be furnished, or of a promise to pay for them.

Nor can a recovery be had in such action for board of the wife during the pendency of an action for divorce, brought by the wife after she had thus left her husband; there is no implied promise to pay under such circumstances, and the wife has a perfect remedy for support *pendente lite* by application for alimony in the action for divorce.

(Submitted April 13, 1877 ; decided April 24, 1877.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of defendant entered upon the report of a referee.

This action was brought to recover for the board of, and for necessaries, medicines, etc., alleged to have been furnished defendant's wife.

The referee found in substance that defendant married the plaintiff's daughter, on the 18th day of December, 1864, and that on the 15th day of April, 1869, the said marriage was dissolved by judgment, in an action brought by the wife against defendant for that purpose. That the defendant furnished and supplied necessary and suitable maintenance and support for his said wife so long as she lived with him, and never neglected or refused such maintenance or support during the continuance of the marriage contract. That defendant's wife left him without any justifiable cause, and voluntarily went to live with the plaintiff, her mother, who encouraged her daughter in so doing, and induced her to remain away from the defendant by offering to support and maintain her so long as she would continue to live with the plaintiff. That the defendant did not request the plaintiff to support his wife, or to furnish, supply or advance to her any medicine, money, room, board, entertainment, care or attendance, and did not at any time promise to pay the plaintiff for any such support, maintenance or other thing. That all the support, maintenance, medicine, money, care, attendance, and other things mentioned in the complaint as having been furnished, supplied and advanced by the plaintiff to the defendant's wife, Josephine, was at the plaintiff's own volition and choice.

Further facts appear in the opinion.

*P. D. K. Saunders*, for the appellant. If a husband deserts his wife or remains voluntarily absent from her and provides no separate maintenance he is liable for her support. (Bright on Husband and Wife, 9; *Cromwell* v. *Benjamin*, 41

Barb., 558; *Johnstone* v. *Allen*, 6 Abb. Pr. [N. S.], 306; *Lockwood* v. *Thomas*, 12 J. R., 248; *Baker* v. *Barney*, 8 id., 72.) Plaintiff was entitled to recover for the support and maintenance of defendant's wife during the pendency of the action of divorce. (*Sykes* v. *Halstead*, 1 Sand., 483; *Kegan* v. *Smith*, 5 B. & C., 375; *Mitchell* v. *Trevor*, 11 Geo., 324; *Dowe* v. *Smith*, 11 Al., 107.)

*Perry G. Parker*, for the respondent.

ALLEN, J. Upon the merits of the action the report of the referee, based upon evidence sufficient to sustain it, although there was a conflict in the testimony, is conclusive. The referee has found that encouraged by the plaintiff, the wife of the defendant left him against his will, and without justifiable cause, and went to live with the plaintiff, her mother; that the defendant was able and willing to furnish his wife with proper and suitable maintenance if she would live with him, and that he at no time requested the plaintiff to board or care for her, and never promised to pay for her board and maintenance, separate from him. Under such circumstances the plaintiff has no cause of action against the defendant for board or other necessaries furnished the wife.

The learned counsel for the appellant, however, claims that the plaintiff should have recovered for the board of the wife during the pendency of the action for a divorce instituted by her, and for expenses incurred for medical attendance. There can be no error alleged upon this record by reason of the omission of the referee to allow either of these claims. 1st. The referee was not asked to segregate those charges from the entire claim massed in the account produced and in the evidence and to allow them, or to find facts which would justify a recovery for them. 2d. There is no evidence that the plaintiff was paid, or incurred any expenses for medical attendance; on the contrary, the evidence is that the defendant has paid all that he was called upon to pay, and so far as appears all that was or is to be paid. 3d. After

the commencement of the action for a divorce there is no evidence that the defendant was called upon, or refused to supply his wife with necessaries, and had the wife desired support *pendente lite* her remedy was by application for alimony, and there is no implied promise of the defendant to pay for necessaries furnished during that period. The board of the wife by the plaintiff during this time was but the continuance of the voluntary support furnished by her, as found by the referee. 4th. By the judgment in the action for a divorce the defendant was condemned to pay alimony to the wife from the commencement of that action. Under the peculiar circumstances of this case as reported by the referee, that should absolve the defendant from all claim of the plaintiff for the board of the wife during that period, and she should look to the wife, her daughter.

The judgment must be affirmed.

All concur, ANDREWS, J., absent.

Judgment affirmed.