CLARENCE T. SANFORD, Respondent, *v.* LOUISA A. POLLOCK,
Appellant.

The fact that a wife resides with her husband upon premises leased by
him in her name, is no evidence that she authorized the leasing; and, in
the absence of proof of authority, or that she had knowledge that
the hiring was in her name, she is not liable for the rent or the value
of the use and occupation.

(Argued March 25, 1887; decided April 19, 1887.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered on an order
made the first Monday of January, 1885, which affirmed a
judgment in favor of plaintiff entered upon a verdict and
affirmed an order denying a motion for a new trial.

This action was brought to recover rent for certain premises
alleged to have been leased by the defendant of plaintiff's
assignor.

The material facts are stated in the opinion.

*Augustus H. Vanderpoel* for appellant. The fact that the defendant resided on the premises with her husband in no way rendered her liable for the rent. (Shouler on Dom. Relations, 54; *Gauley* v. *Troy City Nat. Bk.*, 98 N. Y. 487; *Smith* v. *Fellows*, 41 Supr. Ct. R. 46; *Rodgers* v. *Bk. of Pike Co.*, 8 Rep. 593; *Chew* v. *Henriette Mining and Smelting Co.*, 9 id. 704; *Morrison* v. *Thistle*, 67 Mo. 601.) The mere naked assertion of the husband that he was authorized to act for the defendant, or the performance of such act, even if uncontradicted, without further and sufficient proof, would not create the relation of principal and agent. (*Stringham* v. *St. Nicholas Ins. Co.*, 4 Abb. Ct. App. Dec. 315; *Davenport* v. *Buckland*, Hill & D. Supp. 75; *Martin* v. *Farnsworth*, 49 N. Y. 555; *Nash* v. *Mitchell*, 71 id. 199; *Gauley* v. *Troy City Nat. Bk.*, 98 id. 487.) The statement of the husband at time of hiring, that he was acting for his wife and had authority to do so, should have at once put the plaintiff on his guard, and he should have investigated the nature and extent of Pollock's authority. (Clancy's Rights of Women, 347; *Smith* v. *Fellows*, 41 Sup. Ct. R. 46; *Comstock* v. *Comstock*, 57 Barb. 453; *Hoffman* v. *Treadwell*, 2 T. & C. 57; *Bank of Albion* v. *Burns*, 46 N. Y. 170, *Cowee* v. *Cornell*, 75 id. 99, 100; *Bates* v. *First Nat. Bk. of Brockport*, 89 id. 286.) The mere living on the premises by the defendant with her husband was no ratification of his act as agent. To prove ratification by the principal, intent to ratify must be shown. (*Hayes* v. *Stone*, 7 Hill, 128; 2 Story's Eq. Jur. § 1097; *Howell* v. *Christy*, 3 Lans. 238; *Nixon* v. *Palmer*, 8 N. Y. 398; *Brass* v. *Worth*, 40 Barb. 648; *Seymour* v. *Wyckoff*, 10 N. Y. 213; *Keeler* v. *Salisbury*, 33 id. 648; *Sims* v. *Everhardt*, 102 U. S. 300; *Craighead* v. *Peterson*, 72 N. Y. 279; *Rathbun* v. *Citizen's Steamb. Co.*, 76 id. 376; *Ritch* v. *Smith*, 82 id. 627; *Whitney* v. *Martine*, 88 id. 535; *Sar. Co. Bk.* v. *Pruyn*, 90 id. 250; *Benninghoff* v. *Agri. Ins. Co.*, 93 id. 495.) It is necessary that an intent by defendant to charge her separate estate should have been shown, or that benefit resulted thereto. (*Sar. Co. B.*

v. *Pruyn*, 90 N. Y. 250; *Man. Brass & M. Co.* v. *Thompson*, 58 id. 80; *Nash* v. *Mitchell*, 71 id. 199; *Gale* v. *Dederer*, 22 id 450.)

*P. H. Vernon* for respondent.

Rapallo, J. We think that the motion for a nonsuit should have been granted. There was no evidence in the case which would have authorized the jury to find that the premises were hired by the defendant, or by her husband in her name by her authority. It is true that the plaintiff, on his direct examination, testified that he rented the premises to the defendant, and that she occupied them; but, by his cross-examination, it appears that the whole matter was negotiated by her husband; that she was not present at the time of the making of the contract of letting, and that the only foundation for his statement that the letting was to the defendant was, that her husband, William J. Pollock, requested the receipt for the half-year's rent paid at the time of the letting, be made out in the name of the defendant; that this receipt contained the terms of the letting, and that William J. Pollock signed at the foot of it, " Accepted. L. A. Pollock, per W. J. Pollock," and stated that he had the right to sign for his wife. This statement was no evidence of his authority which could bind her, and there was no other evidence in the case, of her husband's authority to hire the premises in her name. The fact that Mrs. Pollock subsequently resided on the premises with her husband, without proof of knowledge on her part that they had been hired in her name, was no evidence of her husband's authority, nor did it render her liable in an action for use and occupation. Where a married woman resides with her husband in a house which they occupy as a home, she does not thereby render herself liable for the rent of the house or the value of the use and occupation.

The evidence introduced after the denial of the motion for a nonsuit did not help the plaintiff's case. The defendant positively denied that she ever authorized her husband to hire the premises in her name, or had any knowledge that he had

done so, until a claim was made upon her for the rent long after the occupation had terminated; and her husband confirmed her statement. There was no evidence to the contrary, other than the plaintiff's statement on his direct examination, that Pollock said he had a right to sign for his wife.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.