(67 App. Div. 221.)

OGLE v. DERSHEM.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

1. HUSBAND AND WIFE—ACTION FOR SEPARATION—JUDGMENT—CONCLUSIVENESS.
    A judgment dismissing a wife's complaint in an action against her husband for separate maintenance is not conclusive of the question of the wife's right to live apart from her husband, in an action brought against the husband by a third party for board furnished to the wife.

**2. HUSBAND AND WIFE—SEPARATION—BOARD OF WIFE—ACTION—EVIDENCE—CONTRADICTION.**

In an action against a husband for board furnished to his wife there was evidence that their separation was due to the husband's cruelty, and it was conceded that after the separation he never contributed to her support, except by order of court. *Held*, that a judgment for plaintiff would not be reversed because defendant had testified that he had notified plaintiff not to give credit to his wife, and that he was ready and willing to provide for her at his own home, since he was an interested witness; and the questions whether defendant had rebutted the presumption of agency, and whether the wife was justified in living apart from defendant, were for the determination of the trial court.

Appeal from municipal court, borough of Richmond, Second district.

Action by Agnes Ogle against William Dershem. From a judgment of the municipal court in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

J. J. Bennett, for appellant.
W. J. Powers, for respondent.

SEWELL, J. This action was brought to recover for board furnished defendant's wife. The defendant denied the complaint, and set up in bar of the action a former judgment dismissing the complaint in an action brought by the wife against her husband for separate maintenance. We are of the opinion that the defendant in this action cannot avail himself of the benefit of an adjudication in his own behalf in an action in which the plaintiff was not a party. If there was a privity between the plaintiff and the wife in respect to the subject-matter of the present action, the former adjudication would not bind the plaintiff, or bar her right to recover. There is an essential distinction between an action for separation upon the ground of abandonment or of cruel or inhuman treatment and an action to recover for necessaries. A wife may not be entitled to a judgment of separation against her husband, and yet he be liable for necessaries furnished to her. The trial of the issue between the husband and wife in the former action did not directly or necessarily require the court to find or determine whether the husband was bound to support his wife. There was no such issue in that action. The liability of the husband for necessaries furnished to his wife was not determined. The only question was whether the wife was entitled to a judgment separating the parties from bed and board forever or for a limited time. The rule is well established, if not elementary, that a judgment is only evidence by way of bar when the same matter was directly in question in the former action. The record must also show that the same matter was put in issue by the pleadings in that action. I think that the defense of former adjudication was not sustained, and that there was sufficient evidence to justify the trial court in finding that the plaintiff had a cause of action against the defendant for board furnished the wife. The rules of law relating to the power of the wife to pledge her

husband's credit for necessaries furnished to her are well settled. Whether they are living separate or together, the latter is bound to support the former in the absence of either an agreement or decree of the court relieving him from that burden. Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270. "Ordinarily, he will be presumed to assent to her making such purchases as, in the conduct of the domestic concerns, are proper for her management and supervision; but he is at liberty to withhold such assent, and destroy such presumption, by an express prohibition; and, if he do so, no one having notice thereof may trust the wife in reliance upon his credit, unless the husband so neglects his own duty that supplies become absolutely necessary according to their condition." Keller v. Phillips, 39 N. Y. 351, 354. In the present case the burden of proof was upon the defendant to show that credit was given against his consent, and with notice thereof to the plaintiff, as it was undisputed that he did not supply his wife with necessaries, and that the plaintiff furnished them to her. To rebut the presumption of agency of the wife, the defendant testified in his own behalf that shortly after his wife left his house he demanded his wife of the plaintiff; told her that he did not want her to harbor her, and that he was ready and willing to provide for her at his own home. He was an interested witness, whose testimony the court was not bound to believe; but, however the court may have found upon this question, there was evidence in the case tending to prove that the separation of the husband and wife was due to the husband's fault; and that he never afterwards contributed a penny to her support, except by order of the court, was conceded. It was for the trial court to say whether the plaintiff rebutted the presumption of agency, or whether the husband's previous cruelty caused the separation.

I think the judgment should be affirmed, with costs. All concur.