(85 App. Div. 173.)

GRANDY v. HADCOCK.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. HUSBAND AND WIFE—DUTIES OF HUSBAND—SUPPORT OF FAMILY.
   The common-law duty of a husband to support his family has not been changed by legislation relating to married women, and he is liable for necessaries furnished his family unless the wife by express agreement charges herself personally with the same.
2. SAME—HOUSE RENT—LIABILITY OF WIFE.
   Where a married woman resides with her husband in a house which they occupy as a home, she does not thereby render herself liable for the rent of the house or the value of its use and occupation.

Appeal from Trial Term, St. Lawrence County.

Action by Arvilla Grandy against Mary Hadcock. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. W. Day (Horace D. Ellsworth, of counsel), for appellant.
Ledyard P. Hale, for respondent.

CHASE, J. This action is brought for the rent of a dwelling house. The house was not occupied under a written lease. The testimony upon which the plaintiff relies to show that the defendant personally rented the house consists of a conversation had between the plaintiff and the defendant in October, 1891. In that conversation the defendant told the plaintiff that she had a husband and one daughter. Defendant's husband was a carpenter, and away from home part of the

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 131.

time, but always supported and maintained his family.   The house was occupied by the Hadcock family until 1898, when they moved therefrom, leaving some rent unpaid.

The common-law duty of a husband to support his family has not been changed by legislation relating to married women.   Lindholm v. Kane, 92 Hun, 369, 36 N. Y. Supp. 665; Holcomb v. Harris, 166 N. Y. 257, 59 N. E. 820.   The liability for necessaries furnished to the family of a married man is presumptively and primarily upon the husband, unless the wife, by express agreement, charges herself personally with the same.   Lindholm v. Kane, supra; Kegney v. Ovens (Sup.) 2 N. Y. Supp. 319; Wanamaker v. Weaver, 73 App. Div. 60, 76 N. Y. Supp. 390.

Where a married woman resides with her husband in a house which they occupy as a home, she does not thereby render herself liable for the rent of the house or the value of the use and occupation.   Sanford v. Pollock, 105 N. Y. 450, 11 N. E. 836.

The only question in this case is whether the defendant became personally liable for the payment of the rent to the plaintiff.   This was a question of fact, and the trial court found "that the defendant, Mary Hadcock, did not hire the premises described in the complaint, and did not agree to pay the rent therefor."

The judgment should be affirmed, with costs.   All concur.