## OGLE v. DERSHEM.

(Supreme Court, Appellate Division, Second Department. March 11, 1904.)

1. HUSBAND AND WIFE—HUSBAND'S LIABILITY FOR NECESSARIES—UNWARRANTED DESERTION.

A husband is not liable for necessaries furnished his wife who, without just cause, has abandoned him and refused his offer to support her at his home.

Hirschberg, P. J., and Jenks, J., dissenting.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Agnes Ogle against William Dershem. From a judgment for defendant, plaintiff appeals. Affirmed.

See 73 N. Y. Supp. 592; 74 N. Y. Supp. 1140.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

W. J. Powers, for appellant.

J. Harry Tiernan, for respondent.

HOOKER, J. This is the second action brought by the plaintiff against the defendant to recover for board furnished to the defendant's wife. The defendant was married in the year 1898, and, as the result of some trouble in his household, his wife left his home in the month

of January, 1899. She was harbored by her sister, this plaintiff, who supplied board and lodging to her for a considerable period of time, for which she brought an action in the Municipal Court in the city of New York, and had a judgment, from which the defendant appealed. That judgment this court affirmed at the December term, 1901, the opinion being reported in 67 App. Div. 221, 73 N. Y. Supp. 592. This action was commenced in March, 1903, and by it the plaintiff seeks to recover for the wife's board from February, 1901, to and including January, 1903. The justice before whom this case was tried stated in deciding it that upon the evidence before him he was satisfied and found that Maria Dershem, the wife, had no sufficient cause or provocation for abandoning her husband; that she refused to live with defendant, and perform the obligations imposed upon her by the marital relations; and that she persistently refused to return to his household, and the causes ascribed for such refusal are fictitious. The wife states that her reasons for quitting the defendant were because of his having inflicted bodily injury upon her, and addressing of vile language to her in the presence of his daughter by a prior marriage. These statements are denied by the defendant, and there appears in the record other evidence tending to corroborate him upon this principal issue litigated, namely, whether the wife was justified in leaving the home her husband had provided for her on account of his conduct. It is true, as was held in Ogle v. Dershem, supra, that, whether husband and wife were living separate or together, the former is ordinarily bound to support the latter. What was said in Keller v. Phillips, 39 N. Y. 351, 354, doubtless correctly states the rule as follows:

"Ordinarily, he will be presumed to assent to her making such purchases as, in the conduct of the domestic concerns, are proper for her management and supervision; but he is at liberty to withhold such assent, and destroy such presumption, by an express prohibition; and, if he do so, no one having notice thereof may trust the wife in reliance upon his credit, unless the husband so neglects his own duty that supplies become absolutely necessary according to their condition."

The recent case of Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376, presents the question arising here, and it was there held by the court, after a careful review of the cases by Mr. Justice Ingraham, that the husband is not liable for necessaries furnished the wife, who, without just cause, abandons him, and refuses his offer to support her at his home. We do not understand that this doctrine is seriously questioned. That Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270, is not an authority to the contrary, is pointed out in the Constable Case. Page 159, 82 App. Div., 81 N. Y. Supp. 376. The question before the Court of Appeals in the Hatch Case was one of pleading, and we do not believe that the Court of Appeals has held, or intended to hold, that a wife may charge upon her husband liability for her necessaries where she has separated herself from him without any fault on his part, and where he is ready, willing, and able to give her a home with him. To the same effect are Blowers v. Sturtevant, 4 Denio, 46; Catlin v. Martin, 69 N. Y. 393; 15 Am. & Eng. Ency. of Law (2d Ed.) 818, 888.

None of the exceptions to the admissibility of evidence presents reversible error. Because the record shows that the principal issue of

fact, which has been found by the justice adversely to the plaintiff, is supported by abundant evidence, it is our duty to affirm the judgment, whatever our views might have been upon this issue had this court been the original trier of the facts. The judgment should be affirmed.

Judgment of Municipal Court affirmed, with costs. All concur, except HIRSCHBERG, P. J., and JENKS, J., who dissent.