## W. & J. SLOANE v. BOYER.

### (Supreme Court, Appellate Term.   October 27, 1905.)

1. HUSBAND AND WIFE—NECESSARIES FURNISHED WIFE—LIABILITY OF HUS-
BAND.

Necessaries were furnished a wife living at her husband's house from
which he had removed.  He had made no provision for the wife, whose
right to support had not been forfeited, so that the seller was justified
in relying on her agency.  *Held*, that the husband was liable for the
necessaries, whether the husband and wife lived apart or together.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and
Wife, §§ 121–126.]

2. SAME—NOTICE OF HUSBAND'S UNWILLINGNESS TO EXTEND CREDIT.

The liability of a husband for necessaries furnished to his wife, en-
titled to support, is not affected by his publishing a general notice of his
unwillingness to extend his credit therefor, but not brought to the at-
tention of the person furnishing them.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Husband and
Wife, § 129.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.
Action by W. & J. Sloane against Frank W. Boyer.   From a judg-
ment for plaintiff, defendant appeals.   Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGER-
ALD, JJ.

J. Stewart Ross, for appellant.
Elisha W. McGuire, for respondent.

BISCHOFF, J.   It was established upon the trial that the goods
furnished were necessaries, that the defendant had not made other
provision for their supply, and that the wife, at whose order they were
furnished, was living in the defendant's house from which he had re-
moved.   If there was, technically, a condition of living apart, the proof
discloses the wife's continued right to support, and justifies the plain-
tiff's reliance upon her agency, since the circumstances were such as
to permit the finding that she did not so act as to forfeit her claim to
maintenance.   If the parties were still to be viewed as living together,
then the wife's agency to procure, upon her husband's credit, neces-
saries which he had omitted to provide, was not open to question.
Wanamaker v. Weaver, 176 N. Y. 75, 68 N. E. 135, 65 L. R. A. 529,
98 Am. St. Rep. 621; Grandy v. Hadcock, 85 App. Div. 173, 83 N. Y.
Supp. 90.

The plaintiff was not shown to have had any actual notice of the de-
fendant's unwillingness to extend his credit (Ogle v. Dershem, 67 App.
Div. 221, 73 N. Y. Supp. 592), and his liability could not be affected by
the publishing of a general notice, not brought to plaintiff's attention.

Judgment affirmed, with costs.   All concur.