CLARK v. LEVY.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. PLEADING (§ 343*) — JUDGMENT ON PLEADINGS — MOTION MADE BEFORE TRIAL—PRACTICE.

A motion under Code Civ. Proc. § 547, as amended by Act Sept. 1, 1908 (Laws 1908, p. 462, c. 166), permitting judgment upon the pleadings upon motion at any time after issue joined, is governed by the same rules as apply to such motions when made at the trial, and, if plaintiff is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entitled to any relief under his allegations, the motion should be denied, though he is not entitled to the precise relief asked.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 343.*]

2. MORTGAGES (§ 497*)—CONCLUSIVENESS—QUESTIONS CONCLUDED—RIGHT OF REDEMPTION.

A judgment foreclosing a mortgage is a final adjudication as to the amount found due, but does not determine the mortgagor's right to redeem or to relief under an agreement by the mortgagee to reconvey after satisfaction of his debt if the mortgagor would permit the foreclosure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1469–1473; Dec. Dig. § 497.*]

3. MORTGAGES (§ 620*)—REDEMPTION—PLEADING—SUFFICIENCY OF ALLEGATIONS.

A complaint alleging that, pending foreclosure, plaintiff, the mortgagor, tendered the amount of the debt with interest and costs to defendant, the mortgagee, but that the latter induced plaintiff not to enforce her right to discharge the mortgage or attend the sale by promising that he would convey the mortgaged property to her after purchase upon foreclosure, upon receiving the amount due, which he afterwards refused to do, should be treated as one to redeem; the allegations being sufficient to justify an order vacating the sale if that relief was necessary.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 620.*]

Appeal from Special Term, New York County.

Action by Besse C. Clark against Morris Levy. From an order granting defendant's motion for judgment on the pleadings, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles Fischer, for appellant.

Myron Sulzberger, for respondent.

McLAUGHLIN, J. In her complaint the plaintiff alleges that on the 11th day of January, 1907, she executed and delivered to one Horowitz a bond under her hand and seal, conditioned to pay the sum of $20,000 on the 1st of May, 1907, and as collateral security for the payment of such sum, with interest, at the time stated she executed and delivered a mortgage upon the real estate described in the complaint; that the bond and mortgage were subsequently assigned to the defendant in this action, who commenced an action to foreclose the mortgage, which resulted in a judgment of foreclosure and sale; that prior to the sale she duly tendered to the defendant the amount due upon the bond, together with all interests, costs, and disbursements due thereon; that he then falsely and fraudulently, and with the intent of depriving the plaintiff of her right to redeem the premises from the lien of the mortgage, represented that she should wait until after a sale of the premises in the foreclosure proceedings at which he would become the purchaser, take the title, and then would reconvey the property to her upon payment of the amount tendered; that the representations thus made by the defendant—that he would reconvey the property —were false, in that he did not intend at that time to do so, and were made for the purpose of inducing the plaintiff to take no further pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

ceedings in the matter until after the property had been sold, he had taken title, and thereby deprived her of the right to redeem; that the plaintiff, relying upon these representations, did wait until after the premises were sold in the foreclosure proceedings and title had been taken by the defendant, who is now the owner of record thereof; that the title was taken by the defendant on the 8th of October, 1908, and on the following day she tendered to him the amount due, together with all the interest, costs, and disbursements to that date, and requested a reconveyance, which he refused, and still refuses to make; that the plaintiff's equity in the premises, over and above all incumbrances thereon, including the mortgage foreclosed, is $84,000, of which she has been deprived by reason of the fraud practiced upon her by the defendant; that she was and is now able, ready, and willing to pay the amount due the defendant for a reconveyance of the property to her. The judgment, among other things, demands that the sale of the property be vacated and set aside, and an account be taken as to the amount due the defendant, for principal, interest, costs, and disbursements, and that the plaintiff may be at liberty to redeem said premises upon payment of whatever sum may be found due. The answer denied the material allegations of the complaint, and, as a separate defense, set up the foreclosure action, the sale of the premises thereunder, the purchase of the same by the defendant, confirmation of the referee's report of sale, and alleges that this plaintiff was represented in that action by an attorney who had notice of all the proceedings taken therein, and that the foreclosure action is binding and conclusive upon the plaintiff upon all the facts alleged in the complaint, and is a bar to this action. After issue had been joined, the defendant moved under section 547 of the Code of Civil Procedure, amended by Laws 1908, p. 462, c. 166, for judgment upon the pleadings. The motion was granted and the complaint dismissed with costs. Judgment was entered to this effect, from which the plaintiff appeals.

The section of the Code referred to was added by chapter 166, p. 462, of Laws 1908, and went into effect on the 1st of September of that year. It provides that, if either party is entitled to judgment upon the pleadings, the court may, upon motion, at any time after issue joined, give judgment accordingly. The purpose of the section is to obviate the necessity of waiting until the trial to make such motion. But, if made, the same rule must be applied that would be had had the motion been made at the trial. Where the defendant makes such motion, it cannot be granted if the facts stated show that the plaintiff is entitled to any relief, either legal or equitable, even though the judgment demanded is not the precise relief to which he appears to be entitled. Wetmore v. Porter, 92 N. Y. 76; Hotel Register Co. v. Osborne, 84 App. Div. 307, 82 N. Y. Supp. 609. By making the motion the defendant admits every material fact set out in the complaint.

Here the defendant admits that prior to the sale the plaintiff tendered to him the amount due, together with the interest and costs of the foreclosure action; that instead of accepting it, as he was legally obligated to do, and as this plaintiff could have compelled him to do,

he induced her not to take proceedings to enforce her legal rights by compelling him to accept the amount tendered and give a satisfaction of the mortgage, or not to attend the sale and there protect her rights, by representing that, after he had obtained title, he would reconvey to her upon receiving the amount tendered; that the plaintiff, believing the representation made to her that he would reconvey, took no proceedings to compel him to accept the amount tendered, permitted him to purchase at the sale, and, after he had acquired title, she again tendered the amount due, principal, interest, and costs of the foreclosure action to that time for a reconveyance, which he refused to give; and that her equity in the property, over and above all incumbrances thereon, at the time the sale took place, was $84,000, which equity has been acquired by the defendant by reason of the representations made to the plaintiff, and upon which she acted.

A court of equity would be of little use, if, upon such facts, it refused to exercise its equitable powers to aid a party who had been thus deprived of his property. It may be that the plaintiff is not entitled to all the relief asked. She was represented in the foreclosure action by an attorney, and had notice of all the proceedings therein. The judgment in that action undoubtedly binds her as to the amount found due, including costs and disbursements. It is a final adjudication upon that subject; but it does not determine the question of her right to redeem or get some relief from the defendant who refuses to keep an agreement which results in her being deprived of $84,000. The sale upon the facts alleged is at least voidable, and can be vacated and set aside if necessary as part of the relief in this action. I think, however, the facts alleged in the complaint are sufficient to show in the plaintiff a right of redemption from the mortgage, and the action should be treated as one for that purpose, and the plaintiff can have such incidental relief as may be necessary to accomplish the object. Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000. She may have judgment giving her the right to redeem upon payment of the judgment in the foreclosure action and the expenses of the sale.

For these reasons, the judgment and order appealed from are reversed, with costs, and the motion for judgment denied, with $10 costs. All concur.