### SIMPSON v. DUTCHER.

(Supreme Court, Special Term, New York County. February 11, 1910.)

1. HUSBAND AND WIFE (§ 19*)—NECESSARIES FURNISHED WIFE—ACTION—COMPLAINT.

A complaint, in an action against a husband for necessaries furnished his wife, which alleges abandonment by the husband, but not that the abandonment was without the wife's fault, states no cause of action.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 124; Dec. Dig. § 19.*]

2. HUSBAND AND WIFE (§ 19*)—NECESSARIES—ALIMONY.

A wife, who has been denied alimony by the court, cannot collect it in a roundabout way, by borrowing from a friend and having him sue the husband as for necessaries furnished the wife.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19;* Divorce, Cent. Dig. § 584.]

Action by one Simpson against one Dutcher. Motion by defendant for judgment on the pleadings. Motion granted.

Knox L. Dooling, for plaintiff.
L. Case, for defendant.

BISCHOFF, J. This is a motion by defendant for judgment on the pleadings and other or further relief. The complaint is for necessaries furnished a wife who is living apart from her husband. The complaint alleges abandonment by the husband, but not that the abandonment was without the wife's fault. Hence it states no cause of action. Blowers v. Sturtevant, 4 Denio, 46; Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376, affirmed 178 N. Y. 587, 70 N. E. 1097; Ogle v. Dershem, 91 App. Div. 551, 86 N. Y. Supp. 1101.

The answer sets up as an affirmative defense that prior to the time when the necessaries were furnished an action had been commenced by defendant against his wife for an absolute divorce, that her motion for alimony had been denied, and that the action is still pending. The reply only denies knowledge or information sufficient to form a belief about it. A wife, who has been denied alimony by this court, cannot collect it in a roundabout way, by borrowing from a friend and having him

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sue the husband. See Catlin v. Martin, 69 N. Y. 393. Whatever may be said of the necessity of pleading this defense, and of the propriety of so replying as to the existence of public records of this court, the pleadings show that no privilege to amend should now be granted.

Motion granted, with costs.