ELLENBORGER v. SLOCUM et al.

(Supreme Court, Appellate Term.   May 17, 1910.)

PLEADING (§ 243*)—COMPLAINT—AMENDMENT.

Where it seems altogether probable that the vice in the complaint arises through failure to allege existing facts sufficient to complete the allegation of a good cause of action, leave to amend should be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 643–651; Dec. Dig. § 243.*]

Appeal from City Court of New York, Trial Term.

Action by Abram Ellenborger against Wallace W. Slocum and another.   From a judgment dismissing the complaint on the merits, plaintiff appeals.  Judgment modified, and, as modified, affirmed.

For prior report, see 121 N. Y. Supp. 1110.

Argued before SEABURY, GUY, and BIJUR, JJ.

Churchill & Marlow, for appellant.

Frederick P. Schenck, for respondent.

BIJUR, J.   The complaint in this action evidently fails to state a cause of action.   Had plaintiff's counsel, on the settlement of the order for judgment, below, followed the procedure indicated by Mr. Justice Greenbaum in Cappadonna v. Illinois Surety Co., 123 N. Y. Supp. 341, namely, submitted an affidavit showing additional facts which he would plead, if allowed to amend, it would have been easier to determine his right to be allowed to plead anew.   This rule, however, while highly practical and commendable, is not exclusive.   The Appellate Division has held that the motion for judgment under section 547, Code Civ. Proc., is to be treated like the similar motion at the opening of the trial, and that the practice to be adopted is analogous to that upon demurrer, where, in a proper case, a party whose pleadings are found to be insufficient should be permitted on proper terms to amend.   Schleissner v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333; Clark v. Levy, 130 App. Div. 389, 114 N. Y. Supp. 890.

If the complaint showed that the cause of action had been inherently defective, by reason of illegality or similar cause, or if all the facts available to the pleader had evidently been set forth in the complaint held bad, a judgment of dismissal upon the merits might be allowed to stand.   Simpson v. Dutcher, 123 N. Y. Supp. 340.   But where, as in the case at bar, it seems altogether probable that the vice in the complaint arises through failure of the pleader to have alleged existing facts sufficient to complete the allegation of a good cause of action, leave should be granted to amend.

The judgment below is modified, by striking therefrom the words "upon the merits," and substituting therefor "with leave to plaintiff to serve an amended complaint within six days after entry of this order, upon the payment of costs in the court below and of this appeal," and, as so modified, is affirmed.   All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes