### ROBINSON v. LITZ.

#### (Supreme Court, Appellate Term. May 24, 1910.)

HUSBAND AND WIFE (§ 19*)—HUSBAND'S LIABILITY FOR NECESSARIES.

 A husband is not liable for necessary medical services rendered to the wife, living apart from him, in the absence of evidence that he was responsible for the separation, or that he did not make adequate provision for her support.

 [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 121–138; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Henry U. Robinson against Simon Litz. From a judgment for plaintiff, entered on a directed verdict, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Jablow & Jablow, for appellant.

I. I. Kremer, for respondent.

SEABURY, J. The plaintiff, a physician, has recovered a judgment for $50 for professional services rendered to the defendant's wife. The services were concededly necessary and of the value claimed, and

were rendered at the request of the wife of the defendant, who instructed the plaintiff to send his bill to the defendant.

At the time of the rendition of the services the defendant and his wife were living apart, and had not cohabited for several years prior to this time. The defendant's wife told the plaintiff that the defendant was paying her a certain amount per week "according to court." There was no evidence to show that the defendant and his wife were separated as a result of the judgment of any court, or that the defendant's fault was responsible for the separation. Nor was any evidence offered to show that the defendant did not make adequate provision for the support of his wife. Under the circumstances disclosed, the defendant cannot be held liable to the plaintiff. Constable v. Rosener, 82 App. Div. 155, 81 N. Y. Supp. 376, affirmed in 178 N. Y. 587, 70 N. E. 1097; Ogle v. Dershem, 91 App. Div. 551, 86 N. Y. Supp. 1101.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.