LANGIE et al. v. HEBING et al.

(Supreme Court, Special Term, Monroe County. July 17, 1916.)

*(Syllabus by the Court.)*

CORPORATIONS ☞609; 207½, New, vol. 10 Key-No. Series—REMEDIES OF STOCKHOLDER.

The dissolution of a corporation will not be decreed in equity, that relief being provided by statute by a special proceeding; but equity will interfere to restrain and correct acts which are ultra vires or otherwise illegal, or which were committed in pursuance of a combination of stock-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

holders or directors to defraud other stockholders, to the waste of corporate funds.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2420–2423; Dec. Dig. ⊙⟶609.]

Action by Josephine P. Langie and others against Frederick Hebing and others. Demurrer on the ground that complaint does not state a cause of action. Denied.

The parties are all the stockholders of Henry Hebing & Sons, a domestic corporation organized for the purpose of carrying on the business of buying, selling, and dealing in hardware and hardware supplies in the city of Rochester, N. Y. It is alleged that in violation of its charter certain real estate is being held for profit by the corporation, which it does not need, and that certain debts and salaries are and have been paid, which constitute a waste of its funds, and certain stock has been illegally transferred. It is also alleged that, in pursuance of a plan to control the corporation and defraud other stockholders, the defendants caused the board of directors to be reduced from six to four, and caused themselves and plaintiff Louis F. Hebing to be elected directors; that they caused themselves to be elected officers, voted themselves salaries as such, and as employés ever since their father's death, June 28, 1912; that they paid themselves $20 a week each since that time, and that the receipts from the business other than from the real estate aforesaid have not been sufficient to pay their salaries; that the business has been conducted at a loss; that the assets are being wasted, and a majority of the stockholders and directors have refused to remedy the conditions complained of, and that if this condition continues long enough the assets of the corporation will be consumed for the benefit of the defendants in the payment of salaries, unless their unlawful acts are restrained.

Emil Ludekens, of Rochester, for the motion.
Wile & Oviatt, of Rochester (Percival D. Oviatt, of Rochester, of counsel), opposed.

RODENBECK, J. In the determination of this demurrer all the facts alleged in the complaint and such inferences as can be fairly drawn from them are admitted, but not the plaintiff's conclusions of law. Greeff v. Equitable Life Assurance Society, 160 N. Y. 21, 29, 54 N. E. 712, 46 L. R. A. 288, 73 Am. St. Rep. 659. Whatever the demand may be in the complaint, the demurrer must be denied, if the allegations in the complaint sustain a cause of action. Clark v. Levy, 130 App. Div. 389, 391, 114 N. Y. Supp. 890. The charge is that the three defendants have conspired and are so manipulating the business of the corporation for their own interests that, unless their acts are restrained and corrected, the assets of the corporation will be diverted to the interests of the defendants and to the exclusion of all other stockholders. It is alleged that the income from the hardware business itself is not sufficient to meet the expenses of the business, including the salaries which the defendants have voted to themselves, and that the income from the real estate devised to the corporation is being used for the purpose of paying these salaries. If the alleged combination formed after the death of their father should be continued, it will result in the defendant's receiving the benefits from the corporation to the exclusion of the other stockholders.

The purpose of their father in creating the corporation was undoubtedly to provide an income for all of his children, and not alone for

the defendants who seemed to have so manipulated the conduct of the business as to divert to their own uses the profits of the corporation. The complaint alleges that the real estate devised to the corporation is being held by it without authority. This allegation is a subject for investigation by the court, since a court of equity will restrain the operation by a corporation of any activities not within the corporate powers. Leslie v. Lorillard, 110 N. Y. 519, 531, 18 N. E. 363, 1 L. R. A. 456; Cook on Corporations, pp. 1991–2139. With respect to the payment of debts of their father out of corporate funds, a stockholder may compel the return of any money illegally paid. Corporate funds must be used for corporate purposes, and cannot be diverted for the payment of debts other than those of the corporation. This would include the payment of salaries voted by themselves to officers of the corporation as such, and any unlawful excess payments of salaries to directors or stockholders. Nor can a corporation transfer any of its stock to another without consideration. A court of equity may interfere with the acts of a corporation, where they are fraudulent, ultra vires, or due to negligence. Cook on Corporations, § 644. Directors cannot bind a corporation to acts in which they are personally interested, and such acts may be avoided by stockholders. MacNaughton v. Osgood, 41 Hun, 109; Butts v. Wood, 37 N. Y. 317.

The plaintiffs ask that the business be discontinued, but this can be accomplished only as prescribed by statute. Hitch v. Hawley, 132 N. Y. 212, 217, 30 N. E. 401. A dissolution in such a proceeding, however, may be ordered where dissensions prevent the attainment of the corporate existence. 132 N. Y. 221, 30 N. E. 401. So far as the plaintiffs seek to control the internal management of this corporation, their action must fail. Within the powers of the corporation, the acts of the stockholders and directors, done in good faith, cannot be questioned. Cook on Corporations, § 644. An act intra vires and without fraud is an act of internal management, and a minority of the stockholders are powerless to prevent, control, change, or question that act. Cook on Corporations, § 684; Burden v. Burden, 159 N. Y. 287, 307, 54 N. E. 17. In this case, however, the plaintiffs allege a fraudulent combination and ultra vires acts and waste of funds, against which, if true, they are entitled to relief. The corporation being under the control of those who are charged with having formed an unlawful combination, a demand upon the corporation to commence this action was unnecessary. Kelsey v. Sargent, 40 Hun, 150; MacNaughton v. Osgood, 41 Hun, 109.

The plaintiffs, therefore, have alleged facts sufficient to constitute a cause of action, and the demurrer is denied, with $10 costs.