MOLLIE EAGLE, Appellant, v. BENJAMIN CHERNEY and SAMUEL H. BERGER, Respondents.— Plaintiff has appealed from an order of the Ulster Special Term of the Supreme Court granting defendants' motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action and also from the judgment entered thereon. The complaint alleges in substance that the defendants were the owners of certain real property located in Ulster county which they had acquired in foreclosure proceedings; that the premises in question were subsequently acquired by the plaintiff subject to three mortgages which were owned by the defendants; that in October, 1928, defendants agreed

with the owner of the property that the three mortgages were to be consolidated and that an extension and consolidation agreement was actually drawn and executed by all of the parties; and that in October, 1929, plaintiff tendered to the defendants the moneys due for principal and interest but defendants refused to accept the same and advised plaintiff that they had instituted an action to foreclose such mortgages. The complaint further alleges that at the time the defendants advised plaintiff they had instituted an action for the foreclosure of the mortgages plaintiff duly tendered to the defendants the full amount due thereon and demanded that defendants execute and deliver to her satisfactions of such mortgages; and that defendants declined to do so but represented to plaintiff that if she did not appear or contest the action to foreclose the mortgages and would wait until the premises were sold pursuant to a judgment of foreclosure that they would purchase the premises for her benefit and convey them to her. The complaint further alleges that the statements of defendants were made for the purpose of deceiving, cheating and defrauding the plaintiff; that such representations were false and fraudulent and were known by the defendants to be false when made and were made with intent to deceive, cheat and defraud the plaintiff and that she relied thereon to her damage. It will thus be seen that plaintiff in her complaint alleged that fraud was practiced upon her in the procurement of the judgment itself by which the plaintiff was prevented from availing herself of a proper defense in the foreclosure action. The allegation of the complaint is sufficiently broad to show that defendants practiced fraud upon plaintiff in the very means by which the judgment of foreclosure was procured. The complaint, therefore, states a good cause of action. (*Mayor, etc., of N. Y.* v. *Brady*, 115 N. Y. 599; *Fuhrmann* v. *Fanroth*, 254 id. 479.) The plaintiff is entitled to maintain this action. (*Clark* v. *Levy*, 130 App. Div. 389.) The order and judgment appealed from should be reversed on the law and facts, with costs, and defendants' motion denied, with ten dollars costs. Order and judgment reversed on the law and facts, with costs, and motion for judgment on the pleadings denied, with ten dollars costs. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.