In the Matter of the Claim of LILLIAN H. NORTH, Respondent, against ROBERT R. RICHARDS et al., Appellants, and GENERAL ACCIDENT INSURANCE Co., Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 8, 1953.

*Abraham Markhoff* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *John J. Quinn* of counsel), for Workmen's Compensation Board, respondent.

*Martin H. Coleman* for claimant-respondent.

BERGAN, J. Claimant is a domestic servant found by the Workmen's Compensation Board to have been employed for more than forty-eight hours a week in a residence in Mount Vernon, a city having a population of more than 40,000. She thus comes within the protection afforded by the Workmen's Compensation Law (§ 3, subd. 1, group 12). On December 8, 1949, while making a bed she tripped over a loose wire and fell, sustaining a fracture to the neck of the left femur.

An award of compensation has been made jointly against the appellants, who are husband and wife, on the basis of a factual finding that the husband and wife are the joint employers of claimant. We think that finding is not supported by substantial evidence.

The proof is that claimant placed an advertisement in a newspaper seeking work as a domestic which was answered by the husband Robert R. Richards, who brought the claimant to his home for an interview. The wife, Marion Richards, took part in this interview, examined claimant as to her experience and told her the duties she would be expected to perform. Claimant testified: "Mrs. Richards told me what she wanted done" and also that she was employed by "Mr. and Mrs. Richards". All payments of wages were made by the husband and none by the wife.

The primary obligation for the support of this household as far as the record discloses, rested on the husband. (*Sanford* v. *Pollock,* 105 N. Y. 450.) This obligation swept in such matters as rent, food and domestic service. The nature of the marital relationship is such that the activity of the wife intervenes in many aspects of domestic life, to say the least about it, but this has never been supposed to bring home to her a personal liability for the matters upon which the husband has a primary legal obligation.

The wife customarily tells the grocer what vegetables he should send and the butcher what meat she wants and the laundry what work is to be taken out for washing, but in all this she takes no personal risk of liability in the ordinary run of households. She is in no different position, so it seems to us, when she asks a domestic servant about her training and experience, concludes that she is suitable for the work, and directs the performance of her duties. She must be deemed to do all this as the agent of the husband unless something more than the usual intramural financial relation is shown in the household.

No doubt a wife could make a valid contract to pledge her own credit and resources to the hiring of a domestic servant alone, or jointly with her husband. She might make a valid contract to be responsible for rent or groceries from her own resources. But we would hesitate to subscribe to a rule by which wives would incur responsibility for groceries by merely buying them for the household, or would incur the personal risk of the widening scope of compensation liability for domestic servants merely because she became an active factor in selection or management of personnel.

Unless there is something more shown than a mere approval of selection and direction as to what the servant does in the domestic service we see no joint or individual responsibility of the wife as an employer under the statute.

The decision and award should be reversed as against the appellants and remitted to the board for determination as against the husband appellant alone, with costs to appellants against the Workmen's Compensation Board.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Decision and award reversed as against the appellants and remitted to the board for determination as against the husband appellant alone, with costs to appellants against the Workmen's Compensation Board.