In the Matter of the Claim of ROSALIE SABRE, Respondent, against MARIE SHERIDAN, INC., et al., Appellants, and EMPIRE MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Hugh Michael Reilly and Rosalie Reilly from a decision of the Workmen's Compensation Board determining them liable as noninsured employers of Rosalie Sabre, the claimant herein. Marie Sheridan, Inc., also appeals. Hugh Reilly had been employed by F. B. Shattuck Company (Schrafft's) for approximately 25 years. He resigned this employment to become manager of the appellant Marie Sheridan, Inc. (ladies' wear line) which had been established and operated by his wife's sister, recently deceased. He acted at the request of his brother-in-law Mr. Cibelli, president of the corporation, who was physically disabled. Under these circumstances and Reilly being

unfamiliar with the business, it was necessary for his wife, who had formerly worked for the corporation, to give her full time to the business. This necessitated the hiring of domestic help at the home of Reilly and for the further reason that president Cibelli resided at their (Reilly) home and required someone to prepare his meals and care for him. Thus the claimant came to work with their knowledge and consent and in part to care for the president of the corporation as well as to permit Mrs. Reilly to take charge of the operation of the said appellant Marie Sheridan, Inc., for which she received no compensation. It was under these circumstances that in June, 1955, while on the payroll of Marie Sheridan, Inc., the accident and the resulting injuries to the claimant happened at the Reilly home. The respondent, Empire Mutual Insurance Company, had made at least one audit of the books of Marie Sheridan, Inc., where the name of Rosalie Sabre as an employee appeared thereon; had collected premiums based upon her salary and at no time has ever tendered to Marie Sheridan, Inc., the premiums on which it now claims no responsibility. There can be no question of fraud, collusion or deceit on the part of any of the appellants under these circumstances. The claimant was considered by all concerned an employee of the corporation. The record further exemplifies that Rosalie Reilly would not have been able to perform the necessary work on behalf of the corporation without the services of the claimant or some such similar person. Following the accident, notice was given to the respondent Empire Mutual Insurance Company, the claim was recognized and a compensation payment was made thereon. Thereafter the company changed its original position and filed a notice to controvert the claim. The referee who originally heard the testimony found that the claimant was entitled to compensation payment; that she was an employee of Marie Sheridan, Inc., and it therefore followed that the Empire Mutual Insurance Company was liable and responsible for compensation payments. An appeal was taken and the findings of the board in effect were that the claimant was a personal employee of the Reillys and not of the corporation, although the substantial evidence was entirely to the contrary. The record discloses that the compensation policy in question was never before the referee but that over the objections of the appellants a 1951 policy was admitted in evidence. At the hearing before the board they refused to accept as evidence the Workmen's Compensation policy effective at the time of the accident and also records, inspected by the carrier which unequivocally evidenced that claimant was employed by the corporation as a domestic at the residence of Reilly. It was error to exclude such testimony which, if substantiated, would constitute an estoppel from disclaimer by the insurance carrier. The board made an erroneous finding that claimant resided at the home of the Reillys, 34–23 84th Street, Jackson Heights. She testified that her home was at 37–38 88th Street, Jackson Heights. It was error for the board to find both Reillys (husband and wife) liable for compensation, there being no iota of evidence that the wife assumed to pay the wages of claimant, the affirmative proof being that she was paid by Marie Sheridan, Inc. Under any circumstances, the usual rule that the husband is primarily responsible for the household expenses would apply and at best, the wife was acting as an agent on behalf of her husband. (See *Matter of North* v. *Richards,* 283 App. Div. 21.) It is probable that the standard form of policy referred to in the *Matter of Smith* v. *White* (3 A D 2d 869) would apply here, in which event there would be a precedent for the liability of the carrier. There is always the question of interpretation and ambiguity of an insurance policy which, if found, is resolved in favor of the insured. (*Matter of Dann* v. *Town of Veteran,* 278 N. Y. 461.) In view of the matters mentioned herein and a consideration of the record as a whole, the

decision of the Workmen's Compensation Board should be reversed. Decision reversed and matter remitted to the board for proceedings not inconsistent with this memorandum, with costs to the employers-appellants. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.