John T. Casey, J.
The sole question to be decided on reciprocal motions for summary judgment made by both parties is the adequacy of the notice of an assignment.
On April 25, 1963, the defendant wife signed an installment sales contract for the purchase of a refrigerator and washer from a retailer, Economy Appliance Corporation (apparently now insolvent). The contract bound her and, therefore, her husband (since the items were necessaries, Matter of North v. *165 Richards, 283 App. Div. 21; White v. Schmidt, 17 A D 2d 1001; Rochester Gen. Hosp. v. Ingstrum, 171 Misc. 288), to repay the time sales price of $413.32 in equal monthly installments. Stamped on the contract were the words: “ No finance charge if paid in 90 days.” Written on the contract were the words: “ No interest if paid in 90 days.” The contract was signed by the parties at the bottom of the face thereof but, also contained on the face was an admonition that there were conditions on the reverse side which were part of the contract. The reverse side, in printed form, contained the words: ‘1 This agreement may be assigned without notice to the buyer.” The reverse side also contained an assignment form. On the same day, April 25, 1963, but apparently at a later time and unknown to the defendants, Economy assigned the contract to the plaintiff, the Greneral Electric Credit Corporation. The contract was on a printed form bearing the name of that corporation.
On May 10, 1963, the defendants received a letter from the plaintiff which included as an inclosure a time payment coupon book. The book, on its inside cover, contained the words: “ We know that you are enjoying the merchandise purchased from the dealer who assigned your installment contract to us.” It called for the first payment on June 2,1963. The accompanying letter made no mention of the assignment. After noting the inclosure of the book, however, it stated that the plaintiff would be willing to send a copy of the contract.
After the receipt of the letter and the payment book, but before the first installment payment was due, the defendants paid Economy the full amount of the contract price, saving the interest and the finance charges according to the terms of the contract.
The plaintiff claims that the defendants, having due notice of the assignment at the time, paid Economy at their own risk and still owes the money to it.
The defendants claim payment in full to Economy, without notice of the assignment, and seek to dismiss the plaintiff’s complaint.
Section 406 of the Personal Property Law, in effect at the time of the transactions, provides: “ Unless the buyer has notice of actual or intended assignment of a contract, obligation, or credit agreement payment thereunder made by the buyer to the last known holder of such contract, obligation or credit, agreement shall be binding upon all subsequent holders or assignees.”
The fact of the assignment, therefore, does not affect the rights of the parties, since the contract provides that such *166 assignment could be made. Adequate notice of the assignment of the rights under the contract, while of no moment as to its effectiveness, is required to defeat a subsequent bona fide payment by the obligor. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395.)
If the plaintiff assignee here had but mailed a copy of the assignment or a copy of the contract containing the assignment, or if the letter that was sent by the plaintiff contained a mention of the assignment directing all payments be made to it, or if the retailer had told the defendants of an intended assignment, there would be no question that subsequent payment by the defendant buyers to the retailer would be of no avail to them.
Since, however, the only alleged notice of the assignment was by a coupon book and letter from the plaintiff, the law should not construe that the defendants had adequate notice of the assignment when making payment to the retailer.
The plaintiff is a credit corporation in the business of assignments and trade dealings. The defendants are but individuals who should not be presumed to know all the legal entanglements and ramifications of an assignment simply because a coupon payment book in printed form on its inside cover mentioned the word. The notice was, therefore, insufficient.
The plaintiff’s motion for summary judgment is denied and the defendants’ motion for summary judgment is granted, with the costs and disbursements thereof.