## (October 24, 1974)

■ SAMUEL GUTWEIN et al., Respondents, v. UNGAR MANAGEMENT, INC., et al., Defendants, and SIDNEY J. UNGAR et al., Appellants.— Order, Supreme Court, New York County, entered on December 28, 1972, unanimously modified, on the law, to strike the sixth cause of action, and otherwise affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered on July 3, 1973, unanimously affirmed, without costs and without disbursements. These appeals, previously on the calendar of this court, were held in abeyance pursuant to order of this court dated May 9, 1974. This action was necessitated by the death of one of the defendants-appellants. His executrix has now been substituted as a defendant. We agree with Special Term for the reasons stated that the third, fourth and fifth causes of action are valid. The sixth cause of action alleges that plaintiffs were the owners of a piece of realty subject to a mortgage held by a corporation in which the moving defendant was a principal. The property was the subject of a foreclosure action for an unpaid balance of some $18,500 on the mortgage. The complaint alleges that the individual defendant requested the plaintiff to allow the foreclosure to proceed to judgment and sale, after which he would reconvey the property to the plaintiff. Special Term recognized that ordinarily the Statute of Frauds would be a bar to this action, but relied on *Clark* v. *Levy* (130 App. Div. 389), to establish an exception. That case is not in point. There, the mortgagor tendered the full amount due on the mortgage and was entitled to receive a satisfaction of the mortgage. No agreement to reconvey was needed. Here, there is no such allegation and the cause of action is for breach of the promise to reconvey — an entirely distinct situation. Concur — Markewich, J. P., Murphy, Lupiano, Steuer and Lane, JJ.